LAWSON v. MILLS, *Appellant.*

Division Two, July 12, 1895.

**Practice:** NEW TRIAL: INSUFFICIENCY OF EVIDENCE. Where the verdict is not supported by the evidence, it is the duty of the trial court to award a new trial.

*Appeal from Dade Circuit Court.*—HON. D. P. STRATTON, Judge.

AFFIRMED.

*Cloud & Davies* for appellant.

Where there is sufficient evidence to go to the jury and proper instructions are given, their finding is conclusive. *Gilbert & Son v. Hill,* 77 Mo. 553. The plaintiff is not concluded by the verdict, as it is not a bar to another suit and is not injured by the verdict of the jury, and under the evidence it was for the right party, and no error appearing in the record for which the verdict could properly be set aside, the order granting a new trial should be set aside and the cause remanded, with directions to the trial court to enter up judgment on the verdict in favor of the defendant. *Standard Milling Co. v. Transit Co.,* 122 Mo. 278.

*W. B. Skinner* and *Henry Brumback* for respondent.

(1) Plaintiff showed no legal title and its right to recovery based on the statutes of limitations was not well taken. *Comstock v. Eastwood,* 108 Mo. 48; *Sutton v. Cassellegi,* 77 Mo. 405; *Estes v. Long,* 71 Mo. 609; *Pitzman v. Boyce,* 111 Mo. 392. (2) The trial court did not err in setting aside the verdict and in awarding

a new trial. *Whitsett v. Ransom,* 79 Mo. 261; *Spohn v. Railroad,* 87 Mo. 84; *Garrett v. Greenwell,* 92 Mo. 125; *Long v. Moon,* 107 Mo. 339; *Reichenbach v. Ellerbe,* 115 Mo. 595.

BURGESS, J.—This is an action of ejectment begun in the circuit court of Lawrence county for the possession of a tract of land in that county. The venue was subsequently changed to the circuit court of Dade county, where upon trial to a jury the issues were found for defendant.

Plaintiff then filed his motion to set aside the verdict of the jury, and for a new trial, assigning among other reasons therefor the following:

"The verdict of the jury is contrary to the evidence.

"There is no evidence in the case to support the verdict of the jury."

The motion was sustained and a new trial granted, the court specifying of record that the new trial is granted upon the grounds that the verdict is contrary to the law applicable to the facts in the cause and is contrary to the evidence. Defendant appealed.

Plaintiff showed a regular chain of title to the land from the government of the United States to and in himself. The defendant showed no paper title, but introduced evidence tending to show that he had been in the adverse possession and occupancy of part of the land for more than ten years before the commencement of this suit.

Defendant's contention is that the court committed error in sustaining the motion for a new trial. The determination of a motion for a new trial rests in the discretion of the trial court, and unless it clearly appears that its discretion had been unwisely or unjustly exercised, this court will not interfere. In *Whitsett v.*

*Ransom*, 79 Mo. 258, it is said: "It is rarely the case that appellate courts interfere with the discretion of the trial courts in directing a new trial on a mere question of weight of evidence." See, also, *Eidemiller v. Kump*, 61 Mo. 340. The same rule applies whether the motion be overruled or sustained. A trial court does not discharge its duty where it refuses to sustain such a motion when the verdict is not supported by the evidence, and especially when it is clearly against the weight of the evidence. *Iron Mountain Bank v. Armstrong*, 92 Mo. 265; *Reid v. Ins. Co.*, 58 Mo. 421; *Lockwood v. Ins. Co.*, 47 Mo. 50.

An examination of the evidence shows that it was not only insufficient to support the verdict, but that the weight of it was clearly and plainly in favor of plaintiff. In setting the verdict aside the court only discharged its duty and nothing more. From these considerations it follows that the judgment should be affirmed. It is so ordered. GANTT, P. J., and SHERWOOD, J., concur.