## ST. LOUIS, Plaintiff In Error, v. BABCOCK.

### (No. 1.)

#### Division Two, May 8, 1900.

1. **Vagrancy:** ORDINANCE: TRESPASS. Under Revised Ordinances of St. Louis, section 1062, defining vagrants as those "who shall be found trespassing on the private premises of others and not give a good account of themselves," one could not be fined as a vagrant because found trespassing on the private premises of another, if able to give a good account of himself.

2. **Criminal Practice:** QUESTIONS: INTERFERENCE OF COURT. The ruling of the trial court in refusing to allow a witness to answer questions put to him can not be reviewed on appeal where it does not appear what response would have been elicited.

3. **Complaint:** SUFFICIENCY IN TRESPASS. Where defendant was complained against in a police court under an ordinance making it unlawful to trespass on the private premises of another, and the complaint alleged that defendant, in the city, on a certain day, was then and there found trespassing on the private premises of others,— there being no description of the *locus in quo*, and the names of the owners not being given—the complaint was insufficient, since there was no such a statement of facts as would render a judgment in the action a bar to another.

Error to St. Louis Court of Criminal Correction.—*Hon. David Murphy*, Judge.

AFFIRMED.

*B. Schnurmacher* and *R. F. Walker* for plaintiff in error.

(1) This is a proceeding under a city ordinance. Proceedings for violation of city ordinances, although partaking somewhat of the nature of criminal proceedings, are civil.

Kansas City v. Neal, 122 Mo. 234; St. Louis v. Schoenbush, 95 Mo. 618; Ex parte Holwedell, 74 Mo. 395; De Soto v. Brown, 44 Mo. App. 152. (2) The first clause of sec. 1062, ordinances of St. Louis, art. 6, chap. 26, is divisible, each subdivision defining a different way in which persons may be guilty of vagrancy. One of these subdivisions declares it to be an offense for any of the persons designated "to be found trespassing upon the private premises of others and not give a good account of himself." The testimony offered by the plaintiff and excluded by the court was to show that the defendant was a trespasser in the exchange building; if this had been shown it would have devolved on defendant to account for his presence there. It was evidently not the purpose or intention of the law-making power to incorporate the portion above quoted into every definition of vagrancy, and thus make it a part of the *descriptio personae* of those against whom the ordinance is leveled. The persons described are "male and female persons over the ages of fourteen and sixteen, respectively," and the first subdivision above quoted is one of the offenses for which such persons may be found guilty of vagrancy, and is not a component part of each kind of vagrancy defined in the first clause. The foregoing is what clause 1 of section 1062 means if it were written out in full, and the interpretation given to it by the trial court not only does injustice to the intention of the law-making power, but would, if sustained, defeat many of the purposes for which the clause was enacted. (3) The case being civil in its nature, and the evidence excluded being material and calculated to change the result if it had been admitted, is a sufficient ground for the reversal of the judgment. This is true, although only general objections may have been interposed to the court's ruling, because the evidence excluded was admissible and competent for all purposes.

St. Louis v. Babcock.

*C. M. Napton* and *C. H. Krum* for defendant in error.

The offense is not complete until the city proves not only that defendant was found trespassing on the private premises of others, but also that he could not give a good account of himself. Although the clause, as printed, has a comma after the word "others," yet it is followed by the conjunction "and," and shows that the offense has two elements—first, trespassing on private property and, second, not being able to give a good account of himself.

SHERWOOD, J.—The basis of this action is clause 1, section 1062, ordinance No. 17188, Revised Ordinances of St. Louis:

"Section 1062. *Vagrants Defined.*—A vagrant, under the meaning and provisions of this article, shall be deemed to be:

"First. Any male or female person over the ages of fourteen and sixteen (females fourteen, and males sixteen) years, who, there is reason to believe, live idly, without proper and diligent effort to procure employment, and without any visible means to maintain themselves, and without any settled place of abode, and are of vicious character and depraved habits, or who shall be found loitering or rambling abroad, or wandering or lodging in groceries, tippling houses, beer houses, outhouses, bawdy houses, houses of bad repute, sheds, stables, market houses, lumber yards, or in the open air, or who shall be found trespassing on the private premises of others, and not give a good account of themselves, or who shall be found begging, or going from door to door begging, or appearing in any street, thoroughfare or other public place begging or receiving alms."

The report of the chief of police upon which defendant was tried is the following:

### "*Report of the Chief of Police.*

"To the Police Justice of the 1st District Police Court of the City of St. Louis, Missouri, July 15th, 1897.

State of Missouri, ⎫
                    ⎬ ss.
City of St. Louis.  ⎭

A. E. Babcock,
                To the City of St. Louis, Dr.

"To one hundred dollars for the violation of an ordinance of said city, entitled 'an ordinance in revision of the ordinance of the city of St. Louis and to establish new ordinance provisions for the government of said city,' being ordinance Number 17188, chapter 26, article 6, section 1062, clause 1, approved April 7th, 1893. In this, to-wit: In the city of St. Louis, and State of Missouri, on the 14th day of July, 1897, and on divers other days and times prior thereto, the said A. E. Babcock being a male person over the age of sixteen years, was then and there found trespassing on the private premises of others, and did then and there fail to give a good account of himself, contrary to the ordinance in such case made and provided.

"On information of Mathew Riley, Acting Chief of Police."

The turning point in this case is whether the litigated ordinance required that the trespasser in order to conviction shall not only commit the trespass, but in addition thereto, shall fail to give a good account of himself.

On this score no doubt is entertained; the language is too plain for construction. Under its plain and unmistakable terms a person could no more be convicted of being a vagrant because he trespassed on private premises and also gave a

good account of himself, than he could be convicted of that offense if he gave a good account *without the trespass.*    One is as much a constituent element of the offense as the other. To deny this would be equivalent to asserting that the vital fluid we breathe is air when bereft of either its oxygen or its nitrogen.

There are practical reasons, reasons showing the intent of the ordinance-framers, which add force to the precedent observations:

One is passing an inclosed or improved lot of ground in the city; some sudden exigency which consults not the Revised ordinances, prompts and commands the immediate commission of what otherwise would be a trespass, but the so-called trespasser is absolved, if detected, by "giving a good account" of himself.    Other instances may suggest themselves.

Besides, it was not proven that defendant was a vagrant; the evidence showed him to be a broker; had rented an office as sub-tenant of the Gratiot Street Warehouse Company, tenants of Chamber of Commerce Building; and showed receipts for payments of rent.

Every trespasser is not necessarily a vagrant; certainly not if he give a good account of himself, and show himself as having visible means of support.

But plaintiff urges that error was committed by the trial court in refusing to let defendant be interrogated "why he was in the basement or ground floor of the Chamber of Commerce."    What response would have been elicited from defendant, plaintiff does not pretend to say.    On this point, therefore, this case falls within the rule announced in Aull Savings Bank v. Aull, 80 Mo. 199; State v. Douglass, 81 Mo. loc. cit. 235; State ex rel. v. Leland, 82 Mo. loc. cit. 264; Jackson v. Hardin, 83 Mo. loc. cit. 187; Kraxberger v. Roiter, 91 Mo. loc. cit. 408.

Another thought suggests itself which gives support to the ruling of the trial court in discharging defendant; it is this:

Treating this as a civil action as we heretofore have done in all such cases, Kansas City v. Clark, 68 Mo. 588, and numerous others subsequent thereto, the complaint in this instance states no facts sufficient to constitute a cause of action. The substance of the allegation is that defendant "was then and there found trespassing on the private premises of others," etc. Neither a description of the *locus in quo,* nor the names of the owners are given.

This is altogether too vague and indefinite; and the words "found trespassing" are but the statement of a legal conclusion. Our statute requires that in actions before a justice of the peace, there shall be a "statement of the facts constituting the cause of action;" and where this has not been done, the suit has been dismissed. [Brashears v. Strock, 46 Mo. 221; Swartz v. Nicholson, 65 Mo. 508; Casey v. Clark, 2 Mo. 11; Wathen v. Farr, 8 Mo. 324.] In such cases before a justice of the peace, it has been ruled "that statements before justices of the peace, to be sufficient, must advise the opposite party of the nature of the claim and be sufficiently specific to be a bar to another action." Butts v. Phelps, 79 Mo. 302, and cas. cit. See also, Watkins v. Donnelly, 88 Mo. 322. Here the requirements aforesaid were not met; defendant was not informed of the nature of the trespass, nor on what premises committed, nor given the name of the owners; and consequently a judgment recovered in this action would have been no bar to another.

The same reason which demands a proper statement to be made before an ordinary magistrate, equally requires a similar statement before a police court. For these reasons we affirm the judgment.

All concur.