EMMA BAKER, Appellant, v. CITY OF INDEPENDENCE, Respondent.

Kansas City Court of Appeals, June 18, 1900.

Appellate and Trial Practice: NEW TRIAL: WEIGHING EVIDENCE: STATUTE. If any one of the reasons assigned by a trial court for granting a new trial is sufficient, its order must stand; and the trial court's prerogative to weigh the evidence is much broader than that of the appellate court, and its discretion will not be interfered with unless arbitrarily exercised. The trial court's discretion in this regard is not limited by the statute giving an appeal from an order granting a new trial.

Appeal from the Jackson Circuit Court.—*Hon. E. P. Gates,* Judge.

AFFIRMED.

L. T. Dryden for appellant.

(1) The verdict is not excessive. The amount of the verdict does not show either prejudice or passion. Ver-

dicts should not be set aside on the ground of excessive damages in cases where the amount of damages is left to the discretion of the jury, unless the damages assessed are so extravagant as to bear evident marks of passion, prejudice or corruption. Goetz v. Ambs, 27 Mo. 28; Kennedy v. Railroad, 36 Mo. 351; Burdoin v. Town of Trenton, 116 Mo. 374; Goins v. Moberly, 127 Mo. 116; Clark v. Railroad, 127 Mo. 197; Robyn v. Publishing Co., 127 Mo. 385; Rodney v. Railway, 127 Mo. 676; City of Joliet v. Looney, 56 Ill. 502; s. c., 42 N. E. Rep. 856; Stewart v. Railroad, (Kos) 41 Pac. Rep. 953; Welch v. McAllister, 15 Mo. App. 492; Jones v. Railroad, 31 Mo. App. 614. (2) The verdict was not against the weight of the evidence. It was not against the evidence. (3) The granting of a new trial was an arbitrary ruling of the court. The trial court in granting a new trial must exercise a sound discretion, and when the finding of the trial court is arbitrary, the appellate court will interfere. Ensor v. Smith, 57 Mo. App. 584; Lee v. Knapp & Co., 137 Mo. 385; Ittner v. Hughes, 133 Mo. 679; O'Conner v. Duff, 30 Mo. 595; Ferguson v. Turner, 7 Mo. 497; Bragg v. City of Moberly, 17 Mo. App. 221.

*Paxton* and *Rose* for respondent.

(1) The appellate court will not interfere with the discretion of the trial court, unless it clearly appears to have been abused. Cook v. Railroad, 56 Mo. 380, 384; Bank v. Armstrong, 92 Mo. 265, 279, and cases cited and reviewed; McCullough v. Ins. Co., 113 Mo. 606, 619; Hewitt v. Steele, 118 Mo. 463; Bank v. Wood, 124 Mo. 72, 76, 77; Baughman v. Fulton, 139 Mo. 557; Mackin v. Railway, 45 Mo. App. 82. (2) The verdict was excessive. Dimmitt v. Railroad, 40 Mo. App. 655, 658; Empey v. Cable Co., 45 Mo. App. 422.

ELLISON, J.—Plaintiff was injured by falling on one of defendant's sidewalks and sued defendant for damages, wherein she recovered a judgment for $1,800. On defendant's application a new trial was granted and plaintiff appealed from that order. The grounds or reasons stated by the trial court for sustaining the motion are as follows:

"That the verdict is excessive in the amount of damages allowed plaintiff; because the verdict was against the weight of the evidence; because the defendant has discovered new and material evidence since the trial of the cause."

If any one of the reasons assigned by the trial court is sufficient to justify its action the order must stand and the appeal held to be not well grounded. One of the reasons given is that the verdict is against the weight of the evidence. That is a reason which lies primarily with the trial court. Its prerogative in that respect is much broader than that of the appellate court, since it has much better means of correctly passing on the weight of evidence. Hence its discretion will not be interfered with unless it clearly appears to have been exercised in a manner purely arbitrary. Baughman v. Fulton, 139 Mo. 557, 560; Lawson v. Mills, 130 Mo. 170; Longdon v. Kelly, 51 Mo. App. 572; Mason v. Onan, 67 Mo. App. 290.

This question has been recently considered by the supreme court and the conclusion reached after a review of former decisions that the trial court's discretion is not limited by the statute giving the right of appeal from an order granting a new trial. That such discretion is as full as before the enactment of such statute. Haven v. Railway, 155 Mo. 216; 55 S. W. Rep. 1035.

There is nothing in the record to suggest in any way that the trial court exercised what is called an arbitrary discretion in granting the new trial and hence we can not inter-

fere. This view makes it unnecessary to notice other grounds assigned by the court, and the judgment will be affirmed. *Smith, P. J.,* concurs; *Gill, J.,* absent.