GUSSIE M. LOKER, Respondent, v. SOUTHWESTERN
MISSOURI ELECTRIC RAILWAY COMPANY,
Appellant.

### Kansas City Court of Appeals, May 5, 1902.

1. **Personal Injury: VERDICT: EXCESSIVE: EVIDENCE.** The
evidence relating to personal injury of the plaintiff is reviewed by
the court and a second verdict for twenty-five hundred dollars
is sustained.

2. **Appellate Practice: EVIDENCE: OBJECTION: RECORD.** In
order to secure a review of the action of the trial court in refus-
ing to admit evidence, the record should show the nature of the
evidence so the appellate court can determine its materiality.

Appeal from Jasper Circuit Court.—*Hon. J. D. Perkins,*
Judge.

AFFIRMED.

*McReynolds & Halliburton* for appellant.

(1) The court erred in excluding the evidence of Dr.
J. R. Freed, as to the character and extent of plaintiff's in-
juries. Plaintiff having voluntarily offered herself as a wit-
ness, testified fully as to the character and extent of her in-
juries and the treatment received from the various physicians.
She waived the right to object to Dr. Freed testifying. Cra-
mer v. Hurt, 154 Mo. 120; Lane v. Boicourt, 25 Am. St.
442; Webb v. Railway, 89 Mo. App. 604. (2) The amount
of the verdict in this case is excessive and unreasonable, and
a reading of the evidence shows the verdict to be the result of
bias, prejudice or partiality, and not the result of the evidence.

Vol 94 app—31

All the evidence except plaintiff's individual testimony showed that the only serious injury was the fractured wrist, and that had become well, plaintiff being contradicted as to the extent of her injuries by R. B. Tyler, A. H. Rogers, Junior Jones, A. Wagoner, T. A. Short, A. Strite, James Asby, —— Fillmore, Paul Holmes and Charles Dumars, and the only way the jury could have made their finding for the amount they did was by wholly disregarding the evidence of these witnesses and basing it solely on plaintiff's individual testimony. This, with the fact that plaintiff declined to call the physician, who waited on her for four or five weeks immediately after the injury, and objected to his testimony on behalf of the defendant, should condemn the verdict. State v. Prendible, 65 S. W. 559; Hollenbeck v. Railroad, 141 Mo. 97; Boggess v. Railway, 118 Mo. 328; Fairgrieve v. Moberly, 29 Mo. App. 141, and cases cited; Logan v. Small, 43 Mo. 254; Baldridge v. Bryan, 3 Mo. 371; Garner v. Railroad, 34 Mo. 240; Empey v. Railway, 45 Mo. App. 422; Lee v. Knapp & Co., 137 Mo. 385; Chilty v. Railway, 65 S. W. 959.

*Thomas & Hackney* for respondent.

(1) The trial court committed no error in refusing to permit Dr. Freed to answer the question. Sec. 4659, R. S. 1899. (2) The defendant did not, by any offer, disclose to the trial court what it expected to prove by Dr. Freed, touching the nature of the break in plaintiff's arm, nor that Dr. Freed could explain the nature of the break. Hence, this court is unable to determine from the record whether the rejected evidence is material or not. Bank v. Aull, 80 Mo. 199; Jackson v. Hardin, 83 Mo. 175; Sweet v. Sullivan, 77 Mo. App. 134; State v. Douglass, 81 Mo. 235. (3) This court can not say that the damages are excessive. This case has been twice tried. The first jury returned a verdict assessing plaintiff's damage at $3,000. This verdict was set aside

by the trial court on the sole ground that the verdict was excessive. The second trial resulted in a verdict for $2,500. The trial court, having set aside one verdict on the ground that it was excessive, thereby exhausted its power in that respect. Secs. 725, 801, R. S. 1899; O'Neil v. Young, 58 Mo. App. 633; McShane v. Sanderson, 108 Mo. 316; McFarland v. Accident Association, 124 Mo. 204.

BROADDUS, J.—The plaintiff sued to recover for personal injuries received while a passenger on one of defendant's cars. The defendant operates an electric railway in the city of Carthage, Missouri. The car on which she was a passenger was wrecked, it is admitted, by the negligence of defendant's motorman, who was operating the car at the time of the accident. And it is further admitted that the plaintiff was injured by reason of said accident, but it is claimed that such injuries were slight, and that the verdict is excessive, and the result of bias and prejudice on the part of the jury. There is only one other objection made and that is, the court erred in refusing competent testimony offered upon the part of the defendant.

The plaintiff's evidence tended to show that her right arm was broken, and that her spine was injured; that her neck was bruised and painful for several weeks after the injury; that she was injured in the loins; and that her nose was injured and ankle sprained. She stated at the trial that her arm was crooked, and that she did not have much use of it; that her hand was stiff and her wrist would not bend; that she could not lift things with any weight; and that she could not grasp things. She further testified that her nerves had been seriously affected, and that she had not been able to sleep well since the wreck. She exhibited her arm to the jury and stated that: "The bones on the third finger on my right hand lie a great deal lower than those of my left on account of the bones in my wrist being pushed underneath the others, causing them

to draw down." The plaintiff was evidently a fluent talker, and stated many other important facts, but we omit them, as the object is not to incorporate her entire evidence in this opinion.

Witnesses, Mrs. B. F. Thomas and S. M. Weddell, tended in many particulars to corroborate the evidence of the plaintiff. Dr. L. E. Whitney, who was her physician part of the time, and who had examined her recently, testified as to a tenderness in her spine and as a consequence to a disturbance of her nerves. He also stated that her arm will never be like it was before the injury. On the other hand, the defendant introduced evidence strongly tending to show that the plaintiff was magnifying her injuries and feigning suffering; that she was seen to use her broken arm in getting on and off cars, and in handling goods in her husband's store. In reply she denied all this.

The jury evidently believed her and her witnesses as to the extent of her injury and suffering. We are not prepared to say, in view of all the evidence, that the jury were influenced by prejudice against defendant, or bias in favor of the plaintiff. It appears there was a former trial of the case, and verdict for $2,500, which the court set aside on the ground that it was excessive.

In a recent opinion in this court, in the case of Emma Baker v. City of Independenc, 93 Mo. App. 165, the plaintiff was injured by a fall occasioned by the defective condition of the defendant's streets. The jury returned a verdict for $1,933. The injury received was in her right hand and arm, and it was a question for the jury whether she would ever recover the full use of that limb. She was not injured in any other part of her body. There had been a previous trial in which she had recovered the sum of $1,800, which was set aside because, in the opinion of the court, it was excessive. A similar motion was made as to the second verdict, but it was overruled, and this court sustained the action of the trial

court in that respect, and in doing so followed the precedent furnished in Porter v. Railroad, 71 Mo. 66. In that case there had been three verdicts, viz.: the first for $10,000, the second for $12,000, the third for $10,000. In view of the fact that three juries had passed upon the case, and rendered large verdicts, the court held that, under such circumstances, they could not with propriety, say that the damages were excessive, and affirmed the finding.

The evidence in this case, if credible, and that was for the jury to determine, showed that the plaintiff's injuries were serious and most probably permanent, and in view of the fact that a former jury has rendered substantially the same verdict, we do not feel called upon to interfere with their estimate of the plaintiff's loss and suffering. The verdict of two juries, practically the same, ought to be conclusive of the case.

The defendant introduced as a witness Dr. J. R. Freed, who testified that he had dressed plaintiff's arm the night of the accident, and had waited on her from four to six weeks afterwards. The defendant asked him the following question: "Q. Now, sir, I will ask this question, and you needn't answer it until the gentlemen on the other side have time to object. Can you explain to the jury the nature of the break and the kind of break?" The plaintiff objected to the witness answering the question on the ground that he had been her physician, etc. The court sustained the objection. This was not reversible error. The defendant "should have gone further and stated what he proposed to prove, so that the court could determine whether it was material." Jackson v. Hardin, 83 Mo. 175; Aull Savings Bank v. Aull, 80 Mo. 199. And this is the law notwithstanding the reason given against allowing the question answered is not sound, for it is the result of the action of the court that we are to pass upon, and if that is proper, the aim of the law is accomplished.

We have examined the instructions given upon both sides, and find them to be in harmony with the law of the

case. The two refused instructions offered by the defendant were properly refused. The first because it referred to facts in existence prior to the accident and in no way connected with the issue before the jury. The second was a commentary on the evidence.

Finding no error in the trial, the cause is affirmed. All concur.