JOHN A. STEPHENS, Appellant, v. DEATHERAGE, LUMBER COMPANY, Respondent.

### Kansas City Court of Appeals, February 16, 1903.

1. **Master and Servant: VICE-PRINCIPAL: TEST: EVIDENCE.** Power to employ and discharge hands is not always a conclusive test of the relation between the servant and the master. The opportunity to observe and influence and report delinquencies is another test; and the testimony preserved in the record as to the servant's supervision of the workmen is held to be some evidence of his vice-principalcy.

2. **Trial Practice: NEW TRIAL: SETTING ASIDE VERDICT.** Notwithstanding there may be some evidence to support a plaintiff's case, yet unless it be of such character as would warrant a verdict in his favor the trial court may set it aside.

3. **Appellate and Trial Practice: NEW TRIAL: DEFERRING TO TRIAL COURT.** Where evidence as to the vice-principalcy of a certain servant is admitedly inconclusive, the appellate court will defer to the trial court and affirm its order granting a new trial, since such matters are largely in the discretion of such courts; and the appellate courts will not interfere unless there has been abuse.

Appeal from Jackson Circuit Court.—*Hon. W. B. Teasdale*, Judge.

AFFIRMED.

*Porterfield, Sawyer & Conrad* for appellant.

(1) If Mr. Floyd was a superintendent, foreman or vice-principal of the respondent in the distinct undertaking of respondent in unloading the timbers from the cars to the wagon, the instructions given by the court in behalf of the plaintiff are correct and were properly given. Brothers v. Carter, 52 Mo. 372; Gormly v. Iron Works, 61 Mo. 492; Moore v. Railroad, 85 Mo. 588; Hoke v. Railroad, 88 Mo. 360; Dayharsh v. Rail-

road, 103 Mo. 570; Schroeder v. Railroad, 108 Mo. 322; Miller v. Railroad, 109 Mo. 350; Russ v. Railroad, 112 Mo. 45; Hutson v. Railroad, 50 Mo. App. 300; Steube v. Foundry Company, 85 Mo. App. 640; Stone Company v. Craft, 31 Ohio St. 287. (2) Mr. Floyd was the foreman or vice-principal of the respondent. The laborers were hired and discharged by him and acted under his immediate authority. He gave every order that was given throughout the entire work, and especially the order that put appellant in the position in which he was when Mr. Floyd threw the timber upon and injured him. Gormly v. Iron Works, 61 Mo. 492; Moore v. Railroad, 85 Mo. 588; Brothers v. Cartter, 52 Mo. 376; Hutson v. Railroad, 50 Mo. App. 305; Steube v. Foundry Company, 85 Mo. App. 646-7; Dayharsh v. Railroad, 103 Mo. 576; Schroeder v. Railroad, 108 Mo. 328-9; Miller v. Railroad, 109 Mo. 356; Card v. Eddy, 129 Mo. 510. (3) The jury under proper and legal instructions given by the court in behalf of plaintiff, and under abundant and almost undisputed evidence, found that Mr. Floyd was the foreman or vice-principal of the defendant. Brothers v. Cartter, 52 Mo. 372; Hoke v. Railroad, 88 Mo. 366; Miller v. Railroad, 109 Mo. 358. (4) These were the master's duties and the defendant saw fit to perform them through its foreman, Mr. Floyd, and is liable for any injuries caused by its foreman's negligence just the same as if it were present, the only way it could be present, by its general manager or one of its officers. Gormly v. Iron Works, 61 Mo. 1. c. 495; Moore v. Railroad, 85 Mo. 595; Dayharsh v. Railroad, 103 Mo. 576; Schroeder v. Railroad, 108 Mo. 328; Miller v. Railroad, 109 Mo. 356-7; Card v. Eddy, 129 Mo. 516; Steube v. Iron Foundry Co., 85 Mo. App. 647; Hall v. Water Co., 48 Mo. App. 364; O'Neil v. Railroad, 51 L. R. A. 548n, 553n, 598n,

*Botsford, Deatherage & Young* for respondent.

(1) Floyd was not a foreman or vice-principal. Glover v. Nut Co., 153 Mo. 327; Hamilton v. Iron Mfg. Co., 4 Mo. App. 564; Mining Co. v. McNally, 15 Ill. App. 182; Tube Works Co. v. Bedell, 96 Pa. St. 175. (2) All four men, Mahoney, plaintiff Stephens, Floyd and the teamster, were engaged in a common task, each doing the same work. Even if Floyd could be regarded, for some purposes, as performing the personal duties of his master, the work that he was doing on the car in the assisting in the unloading of the timber, was as a fellow-servant. Roland v. Railroad, 20 Mo. App. 463; Marshall v. Shricker, 63 Mo. 308; McGowan v. Railroad, 61 Mo. 528; Lee v. Iron Works, 62 Mo. 565; Moore v. Railroad, 85 Mo. 596; Hoke v. Railroad, 88 Mo. 360; Schwab v. Railroad, 106 Mo. 88; Curd v. Eddy, 129 Mo. 514; Hawk v. Lumber Co. 166 Mo. 121; Smith v. Railroad, 151 Mo. 392; Bailey on Liability of Master to Servant, pp. 230, 234 and 244; Crispin v. Babbitt, 81 N. Y. 516-520; Slater v. Jewett, 85 N. Y. 74; Doty v. Log Driving Co., 76 Me. 143-145; Railroad v. Smith, 8 C. C. A. 663, and note, 668; Dwyer v. Express Co., 82 Wis. 307; 12 Am. and Eng. Ency. of Law (2 Ed.), pages 948 and 950, and notes 1, 2 and 3, at pages 949 and 950. (3) The decisions of the courts in other States agree with the Supreme and appellate courts in this State in holding that in cases like this the master is not liable. Railroad v. Smith, 59 Ala. 245; Tyson v. Railroad, 61 Ala. 554; McDonald v. Mfg. Co., 68 Ga. 839; Hanby v. Paper Co., 110 Ga. 1; Gunn v. Willingham, 111 Ga. 427; Railroad v. Baugh, 149 U. S. 368; Railroad v. Regan, 160 U. S. 259; Railroad v. Peterson, 162 U. S. 346; Mining Co. v. Wheelan, 168 U. S. 86; Cooper v. Railroad, 103 Ind. 305; 12 Am. and Eng. Ency. of Law (2 Ed.), 949-958; McCasker v. Railroad, 84 N. Y. 81; Brick v. Railroad, 98 N. Y. 211; Hisey v. Coger, 112 N. Y. 614-616; Copasso v. Woolfolk, 163 N. Y. 472; Allen v. Goodwin, 92 Tenn. 356; Stevens v. Doe, 73 Cal. 27; Donovan v. Ferris, 128 Cal. 48; Rehm v.

Railroad, 164 Pa. St. 91; Ricks v. Flinn, 196 Pa. St. 263; Railroad v. May, 108 Ill. 299-300; Linvall v. Woods, 41 Minn. 212; Hoth v. Peters, 53 Wis. 405-412; Johnson v. Water Co., 77 Wis. 51; Dwyer v. Express Co., 82 Wis. 307; Klochinski v. Lumber Co., 93 Wis. 418.

BROADDUS, J.—This is a suit by plaintiff for damages for an injury to his person alleged to have been received in April, 1901, while in the employ of defendant, through the negligence of Charles V. Floyd, defendant's agent. It appears that plaintiff was assisting in unloading heavy lumber from a freight car onto a wagon; that the manner of doing the work was to place two skids with the end of each resting on the wagon and the other ends on the freight car; and that said Floyd and one other workman got upon the car and rolled down the lumber over the skids onto the wagon, when plaintiff and the driver of the wagon would place them in proper position and then get out of the way of the next piece of lumber which would be sent down in the same manner. There was evidence that after the work had progressed for a while it became necessary to remove the skids from their position, after which Floyd ordered plaintiff to replace one of them, which he did; but that before he had time to get out of the way of danger, said Floyd and his assistant rolled down a piece of lumber which struck and injured plaintiff. There was also evidence that Floyd that day hired plaintiff and another to assist in the work and agreed with them as to the wages they should receive for their labor, and that he directed the unloading of the lumber from the car onto the wagon.

It was shown by defendant that Floyd, who was the traveling salesman of defendant but not then so engaged, was asked by Mr. Funk, the secretary and general manager of defendant, to assist in the work of unloading said cars; that for two days previous to the date

of plaintiff's injury he had assisted in the work, but that on the morning of the last day it was found that there was not enough men on hand for the purpose, which fact Floyd communicated to Funk who directed him to hire two others; that in pursuance of this direction he hired plaintiff and one Mahoney and put them to work and that Floyd acted only as an assistant in unloading the lumber and gave no directions but only made suggestions as to the best manner of doing the work. It was shown that previous to the time in question Floyd had not acted in the capacity of foreman in the business of unloading lumber from the cars.

There was much evidence as to the manner in which plaintiff was injured and the extent of his injuries, but for present purposes it will not be necessary to state it.

The defendant's answer was a general denial and the further defenses that the plaintiff's injury was the result of his own negligence; and that he assumed the risk. The finding was for the plaintiff which the court set aside on the ground that error was committed in its refusing to peremptorily instruct the jury to find for defendant. From the action of the court in granting defendant a new trial plaintiff appealed.

It is presumed from the argument of counsel and a review of all the evidence, although the whole case is gone over by both sides, that the court based its action upon the failure of plaintiff to show that said Floyd was at the time mentioned acting as defendant's foreman, with authority to direct the work. There is no positive evidence that Floyd was clothed with any authority to act as foreman and if such authority existed it must be inferred from the circumstances that the superintendent directed him to hire plaintiff and Mahoney, and that Floyd supervised the unloading of the lumber onto the wagon. In Glover v. Nut Co., 153 Mo. 327, it was held: "The power to employ and discharge is not always a conclusive test of the relation of master

and servant'' and that, ''the opportunity to observe and influence, and report delinquencies is one of the tests employed.'' Applying these rules to the facts of this case it would hardly do to infer that it was the intention of the superintendent, Funk, when he telephoned Floyd to hire two laborers to assist him in the work, that Floyd should also direct it; but taken in connection with the other evidence that he in fact supervised the other workmen, we are not prepared to say that there was no testimony from which it might not have been reasonably inferred that he was acting as foreman by authority of said superintendent. Nor do we understand that the court, in granting a new trial because of the error supposed to have been committed by reason of failure to instruct for the defendant, meant to hold that there was no such testimony; but only to hold that the great preponderance of the evidence was against the plaintiff. In Powell v. Railway, 76 Mo. 80, the question of the power of trial courts to set aside verdicts of juries was considered; and it was there held that notwithstanding there may be some evidence to support a plaintiff's case, yet unless it be of such a character as would warrant the jury in finding a verdict in his favor, the court may set it aside. See also Commissioners v. Clark, 94 U. S. 284; Merchant's Bank v. State Bank, 10 Wall. 639.

It must be admitted that the testimony in this case as to the agency of Floyd to superintend the workmen was not very conclusive, and as the trial court saw the witnesses and heard them testify it was best qualified to judge of their credibility and to weigh the force of the evidence. The granting of new trials is largely a matter of discretion wisely lodged in the trial courts, and with which appellate courts never interfere unless such discretion has been abused. Baker v. Independence, 85 Mo. App. 180; Haven v. Railway, 155 Mo. 216.

For the reason given the cause is affirmed. All concur.