PARKER, Appellant, v. HOLLAND, Respondent.

St. Louis Court of Appeals, January 16, 1906.

APPELLATE PRACTICE: Excluded Testimony. Where an exception is saved to the exclusion of testimony by the trial court, unless the record shows what the excluded testimony was, or was expected to be, the ruling of the trial court in holding it improper cannot be reviewed on appeal.

Appeal from St. Louis City Circuit Court.—*Hon Moses N. Sale,* Judge.

AFFIRMED.

*Harlan, Jeffries & Wagner* and *Franklin Miller* for appellant.

*Holmes, Blair & Koerner* for respondent.

BLAND, P. J.—Omitting caption, the petition is as follows:

"Plaintiff for cause of action states, that on or about the twenty-second day of May, 1903, he entered into a contract in writing with the defendant and others, to-wit, W. H. Holland, John A. Holland, Charles Holland, G. H. Cutting and H. H. Cutting, by the terms of which contract defendant and said other persons promised and agreed to sell and deliver to plaintiff in St. Louis, Missouri, sixty shares of the capital stock of the Scarritt-Comstock Furniture Company, a corporation organized and existing under the laws of Missouri, and

one hundred shares of the capital stock of the Railway Equipment Corporation, a corporation organized and existing under the laws of New Jersey, for the sum and price of twenty thousand dollars; that by the terms of said contract defendant promised and agreed to furnish as his share of said stock one-fifth thereof, to-wit, twelve shares of the capital stock of the Scarritt-Comstock Furniture Company, and twenty shares of the capital stock of the Railway Equipment Corporation, which said shares of stock defendant severally agreed in his own behalf to sell and deliver to plaintiff as his own property, at a price and rate proportionate to the total price of twenty thousand dollars, to-wit, the sum of four thousand dollars; that by the terms of said agreement plaintiff promised and agreed with defendant to accept and receive from him said stock and to pay for same as aforesaid; that plaintiff on said twenty-second day of May, 1903, was, and at all times since has been, ready and willing to accept and receive said stock from defendant, and to pay for same at the price and rate aforesaid on the delivery thereof, but that defendant, wholly disregarding his duty under the agreement as aforesaid, has failed and refused to perform said agreement on his part, to plaintiff's damage in the sum of two thousand dollars. Wherefore plaintiff prays judgment against the defendant in the said sum of two thousand dollars, together with his costs in this behalf expended."

The answer was a general denial.

To prove his case, plaintiff introduced in evidence a voluminous correspondence between himself and the defendant, beginning with the following letter:

"Rockford, Ill., Mch. 30, 1903.
"Mr. Geo. T. Parker, St. Louis, Mo.

"Dear Sir: Referring to talk with you at Mr. Dryden's office, on 23rd inst., respecting your purchase of some of the stocks sold on the 21st inst., I had a conference yesterday with my brothers and my two

nephews, named Cutting, regarding the matter. We will have of these stocks, when reissue is made, 60 shares of S. C. F. Co., and 100 shares of the Car Equip. Corporation—160 shares in all, and I am authorized to offer the same to you for $20,000. Of course, as you may guess, there are other places where we can dispose of this stock, but we all recognize that we are under some obligations to you. My cousin, Louise J. Curtis, wants ten shares of the Car Equip. stock, and I hope you can arrange for her to have them in this deal, if the deal be made.      Yours truly, (Signed) H. P. Holland."

All the correspondence is about the sale and purchase of one hundred and sixty or one hundred and fifty-four shares of stock, but not a word is found in any of the letters about the sale, by defendant, of twelve shares of Scarritt-Comstock Furniture Company stock, and twenty shares of Railway Equipment Corporation stock, nor is it mentioned in any of said correspondence that defendant held, in his own right, twelve shares of the Scarritt-Comstock Furniture Company stock and twenty shares of Railway Equipment Corporation stock.

Plaintiff testified that he was familiar with the number of shares of stock held by defendant and his associates on March 30, 1903, and stated that defendant then held twelve shares of Scarritt-Comstock Furniture Company stock and twenty shares of Railway Equipment Corporation stock, and that he had a conversation with defendant on March 23, 1903, at Mr. Dryden's office, in regard to the sale of the stock.

Here the following occurred:

"Q. What, if anything, was said in the conversation relative to the time the purchase price was to be paid by you in the event you agreed upon the price?

"Mr. Holmes: I object to that, your honor; we are sued here on a written contract made at a certain date, but regardless of the date, we are sued upon a written contract. I didn't know anything about a conversation at all until I came into the courtroom this morning.

"The Court: There is a general denial here.

"Mr. Holmes: Yes, sir.

"The Court: The objection is sustained.

"To which ruling of the court, plaintiff duly and legally excepted at the time.

"Mr. Harlan: The question is asked upon the theory that the correspondence fails to show that the parties agreed definitely by the correspondence upon the terms. It is left to Mr. Parker, and all through the correspondence that question is treated as though it was settled. Now, the correspondence starts with a reference to a conversation. The contract, as contained in the correspondence, is not certain as to the question of terms—not entirely certain; that having been settled in this conversation. I submit that the evidence should be admitted on the theory that it is to explain what may otherwise be considered an ambiguity in this contract.

"Mr. Holmes, counsel for defendant: The correspondence on the other hand shows very distinctly that no terms were agreed upon.

"The Court: If an objection is made, you have to prove the contract if the contract was in writing. Is there any doubt about a contract of this kind being within the Statute of Frauds?

"Mr. Harlan: I think the Statute of Frauds would apply to a case of this kind.

"The Court: Then all of the terms must be expressed in writing unless Mr. Holmes waives the objection.

"Mr. Holmes, counsel for defendant: Our position is, to cut it short, that the whole matter is contained within this correspondence.

"The Court: It being a matter which the statute requires to be in writing, all the essential terms of the contract must be embodied within the writing. Now, if there is any failure to embody an essential element in order to make a complete contract in writing, of

course, on objection made, you will have to show that the whole contract was in writing."

The objection was sustained and the witness was not permitted to answer, to which ruling plaintiff saved an exception. What the answer of the witness would have been or what plaintiff expected to prove by the witness, is not stated anywhere in the record. Admitting for the sake of argument, that the question was a proper one, yet the ruling of the court in holding it improper cannot be reviewed on this appeal, for the reason that without the excluded evidence or a summary of it before us, it is impossible to determine whether or not it was material to any issue in the case. [St. Louis v. Babcock, 156 Mo. 148, 56 S. W. 732; Gage v. Trawick, 94 Mo. App. 307, 68 S. W. 85; Loker v. Railway, 94 Mo. App. 481, 68 S. W. 373; State v. Murphy, 90 Mo. App. 548.] The evidence plaintiff was able to get before the court failed to make out a prima-facie case, therefore the judgment is affirmed. All concur.