## WATHEN vs. FARR.

Plaintiff sued defendant before a justice of the peace, charging him, in his account filed, with a liability for twenty-five dollars, on account of an accepted order. It appeared in evidence, that the defendant had sold to plaintiff, in payment of the order, an anvil, vice, and three hammers, but afterwards refused to deliver them, alleging that the drawer of the order had failed. *Held:* That the plaintiff could not recover, as his account was not a statement of his cause of action. He should have filed an account for the articles purchased.

### APPEAL from St. Louis Court of Common Pleas.

Bogy, *for Appellant.*

1. The bill of items filed in the case before the justice of the peace was sufficient to apprize the defendant of the nature of the claim against him.— Sublette and Vasquez *vs.* Noland, 5 Mo. Rep., 516, 519.

2. The bill of items filed in this case, like the common count for money had and received, can be supported by proof that defendant received money for the use of the plaintiff.— Chitty on Contracts, 475.

3. The defendant, in receiving the order drawn on him in favor of the plaintiff, and delivering to him the goods, and afterwards withholding them, and charging the drawer with the amount of the order, made himself responsible to the plaintiff for money had and received to his, the plaintiff's use.

4. If the defendant received the amount of the order from the drawer, as it is fair to presume that he did, he is responsible to the plaintiff for money held and received to his use.

5. The defendant, in refusing to let the plaintiff see the order, when asked to do so, made himself responsible as acceptor.— Revised Code, 98; 6th section of the act concerning bills of exchange.

6. The testimony of Mr. Vonlin, in relation to the pass-book, was improperly rejected, for it was competent to prove that this was the usual mode of doing business among merchants.

7. Where, from the nature of the proceedings in a case, the defendant has notice that the plaintiff means to charge him with the possession of an instrument, no farther notice to produce it is necessary. The court, therefore, committed an error in sustaining defendant's objection to the testimony of Cannon in relation to the order.— 5 Mo. Rep., 17, Hart *vs.* Robinett.

8. The doctrine of stoppage in transitu does not apply, as the suit is not for the goods, but for the order accepted by the defendant, and charged to the drawers.


Hudson *and* Holmes, *for Appellee.*

1. The court was right in excluding the evidence objected to, as not pertinent to the issue upon the bill of particulars, as well as that portion of the deposition which relates to a written order, for the reasons stated in the bill of exceptions. (Greel. Ev., sec. 560, 88, 87.) The defendant is not sued for a breach of contract of sale, nor for a wrongful conversion of the goods; nor is he sued upon the order as an instrument. The facts that occurred in relation to a sale of goods are no evidence of a promise to pay money; nor is the order, because not accepted in writing. This order is either a negotiable instrument, or it is not. It cannot be valid as an instrument, because it was neither offered for acceptance nor accepted in writing. It is, then, a mere written request to Asa Farr, jun., to deliver the plaintiff twenty-five dollars, and charge that sum to their account. In answer to it, the defendant says, that he will deliver twenty-five dollars' worth of hardware to the plaintiff, the holder, and charge the amount to Roche & Guy, which is agreed to. This is the whole of the transaction between them. Roche & Guy are the persons to whom the credit is given—the actual purchasers. James Cannon is their agent to receive the goods, and carry them to their place of destination; and he is also the agent of Wathen. A delivery to Wathen, according to the order, is a delivery to the purchasers, Roche & Guy; and a delivery to Wathen's agent is a delivery to Wathen, subject, however, to the right of stoppage *in transitu*, until the goods have arrived at the plaintiff's warehouse, or some other contemplated final place of destination. It is manifest, then, that the plaintiff has no cause of action at all; for,

*Wathen* vs. *Farr.*

2. The right of stoppage *in transitu* continues when the delivery is not directly to the vendee himself, but to his agent, to be carried to the vendee, until the goods arrive at the warehouse of the purchaser, or some place of destination substituted by the purchaser.—2 Black. Com., 448, note 16; 2 Wheaton's Selw. N. P., 446; Abbott on Shipp., 374, 5, note 2.

A delivery to an agent does not end the transit, unless no farther transportation, no other final destination, is contemplated. (*Ibid.*, 375, note 1.) In this case, the warehouse of the purchaser was that of Roche & Guy, but by the arrangement between the parties, that of the plaintiff was substituted for it.

3. The entry in the pass-book of Roche & Guy was rightly excluded, as it was not proved to be in the hand-writing of the defendant, or any of his clerks or agents, nor to have been entered by request of the defendant. The suppositions of the witness are not evidence, especially when it appears to the court that he had no means of knowing anything that would entitle his opinion or belief to the character of evidence. But, admitting that the pass-book ought to have been admitted, and that the goods were charged to Roche & Guy, it does not alter the case. The evidence it contains is not pertinent to the issue; it does not prove a promise to pay money to the plaintiff.


NAPTON, *Judge, delivered the opinion of the Court.*

Wathen sued Farr before a justice of the peace in St. Louis, and filed, as his cause of action, the following account:—

"Asa Farr to Ignatius Wathen, surviving partner of Ellis & Wathen, *Dr.* 1842.—September 22.—To amount assumed for an order drawn on you by Roche & Guy, $25 00."

The plaintiff recovered a judgment before the justice for the twenty-five dollars, but, on appeal to the Court of Common Pleas, the plaintiff was non-suited.

Upon the trial, the facts upon which the plaintiff's claim was founded appeared to be as follows:—

Messrs. Ellis and Wathen, who were partners in farming and milling in the town of Cape Girardeau, employed one Cannon, who was witness for the plaintiff in the cause, and by whom most of the facts were proved, to sell a portion of their lumber in St. Louis. Cannon sold the lumber to Roche & Guy, and received in payment an order from them on the defendant for twenty-five dollars. This order was presented by the agent aforesaid, and Farr, the defendant, received the order, and agreed to give hardware to the amount of the sum. Accordingly, the agent of the plaintiff selected goods to the value of the order, which consisted of a vice, anvil, and three hammers. The goods were weighed and marked, and the defendant was requested to permit them to remain a few days in his store. About two days after, the agent again called on Farr to apologize for leaving the goods so long in his way; but he was told that they occasioned no inconvenience, and might remain until it was convenient to take them away. When the agent called the next time, he was informed by defendant that Roche & Guy had failed, and that he could not have the goods. It also

appeared, that an advance on cash prices was charged by defendant for the goods, in consequence of being paid for in this way.

There was other testimony in the case, conducing to show that the defendant had given credit to Roche & Guy for the articles sold to plaintiff, but the testimony was excluded by the court.

The plaintiff was non-suited in the Common Pleas, moves to set it aside, which was refused, and brings the question, by appeal, to this Court.

There is some difficulty in deciding what degree of latitude was designed by the legislature to suitors in justices' courts, as to the forms of action. In actions founded on account, a bill of items is required to be filed with the justice; (R. C., p. 351, sec. 9;) and where an instrument of writing is the foundation of the action, the instrument must be filed. (Pp. 350, '1, '6.) In all cases the justice enters on his docket a brief statement of the nature of the plaintiff's demand, whether sounding in damages, or founded on contract; (Pp. 350 – 2;) and, finally, upon the appearance of the parties before the justice, the justice may, at the instance of the defendant, or of his own accord, require the plaintiff to make a brief verbal statement of the nature of his demand.—P. 354, sec. 8.

It would seem, from these provisions, that all form was dispensed with, and it was sufficient if the plaintiff, in some one of the modes pointed out by the act, gives the defendant an opportunity of ascertaining what it is to which he is summoned to answer.

Indeed, the usual mode of commencing actions before justices is, by filing an account, whether the liability has arisen from a wrong, or on a contract. And it is immaterial that the justice enters it on his docket as an action of assumpsit, when the proof on the trial shows it to be an action of trover or trespass; for in actions of tort, no statement of the cause of action is necessary on the part of the plaintiff, except such statement as, by the eighth section of the third article of the act, he may be required to make verbally on the trial.

In this case, if the plaintiff had filed an account for the anvil, vice, and three hammers, and the justice had entered it as an action of assumpsit, there can be no question but that, on the proof, he was entitled to recover, notwithstanding it was, in fact, an action of trover, and not assumpsit.

So, if the plaintiff had omitted any statement of his cause of action, and the justice had entered it on his docket, as by law he is directed, the plaintiff, on proof, was entitled to recover the value of the merchandize which the defendant sold and delivered to him, and afterwards converted to his own use.

But the plaintiff files his account, and in that account charges the defendant with a liability for twenty-five dollars on account of an accepted order from Messrs. Roche & Guy. The plaintiff appears to have mistaken, not merely the *form* of his action, but the real cause of action which he had, for, upon the proof, no liability for any accepted order was made out, though good and substantial ground of action was proved, growing out of the same transaction. Would it not be going further than the legislature ever contemplated, if a recovery in such cases were permitted? Is it not liable to mislead a defendant, and induce him to come prepared with proof on one subject, when the plaintiff means to hold him

responsible for another and different matter? Here the defendant, summoned as he was to answer to a demand for twenty-five dollars, arising on his acceptance of an order from a mercantile house, might rest easy, and come prepared with proof to establish his non-acceptance of the order, and he might very well neglect any proof, if any such he had, tending to show that there was no sale of the anvil, vice, and hammers, or that there was no delivery, the plaintiff's account not giving him any information whatever that his demand grew out of such sale.

Upon the whole, then, we are of opinion that the non-suit was properly entered. Judgment affirmed.

TOMPKINS, *Judge.*— The statement of the case being made by Judge Napton, I will only observe, that by the fourth clause of the first section of the second article of the act to establish justices' courts, the justice is required to make on his docket a brief statement of the nature of the plaintiff's demand; and that, to enable him to do this, the plaintiff is required, by the ninth section of the same article, to file a bill of items of his account; and that, unless this be done, the Circuit Court, on appeal, cannot carry into execution the sixteenth section of the eighth article of that act, which requires that the same cause of action, and no other, that was tried before the justice, shall be tried before the Circuit Court upon appeal.

Wathen, then, not having filed the items of his account, viz., the anvil, vice, and the three hammers, but having filed an account for the order of Roche & Guy on Farr, instead of the account for the vice, anvil, and hammers, which he had received for that order, the judgment of the Circuit court ought, in my opinion, to be affirmed.

SCOTT, *Judge,* absent from the bench.