BUSCH & WEISSMANN, Appellants, *vs.* DIEPENBROCK, Respondent.

1. In a suit commenced before a justice, an account was filed, the first item of which was "balance from 1851, $97 90." *Held*, the generality of this item was no sufficient ground for dismissing the suit in the appellate court.

*Appeal from St. Louis Law Commissioner's Court.*

Action upon an account, begun before a justice, (where there was a judgment for the defendant upon a trial, a motion to dismiss having previously been overruled,) and appealed to the law commissioner's court, where, on defendant's motion, the suit was dismissed on account of the insufficiency of the account filed. The first item in the account was, as stated, "balance from 1851, $97 90." The other items were specific, making the whole amount of the account $196 85, upon which there was a credit of $148 75, leaving the balance sued for $48 10. The plaintiffs appealed.

*Cline & Jamison*, for appellants.

*Hart & Jecko*, for respondent.

RYLAND, Judge, delivered the opinion of the court.

There was no ground, as appears by the transcript of the record, for sustaining this motion by the law commissioner. The plaintiffs had filed their account before the justice.

From the brief of the defendant's counsel, the objection taken was to the generality of the first item of the plaintiff's account. This item is thus stated : "Balance from 1851, $97 90." The account then continues, with proper dates and items, containing a long list, and footing up with $196 85, giv-

ing also a list of credits amounting to $148 75, leaving a balance due plaintiffs of $48 10.

1. In the opinion of this court, this general item of "$97 90, balance of account from 1851," was no sufficient ground to authorize the court to dismiss this suit, more especially after there had been a trial in the justice's court. If the item was too general to be understood by the defendant, his remedy was to move the court to compel the plaintiffs to furnish the items from the account of the year 1851, not to dismiss. His motion for a more particular account might have furnished him with all he wanted, or with all he had a right to require. The law commissioner should not have dismissed because a more particular account was not filed.

The legislation of our state, for many years past, has a strong tendency to do away with formal objections and technical defects in our judicial proceedings. It has been to this court a matter of surprise, of regret, to observe the great facility with which technical and mere formal objections have found a hearing in our inferior courts. How much better for the courts and the parties, that the causes be determined as speedily as possible, as right and justice may require, with as little regard to mere formal defects as the law will allow.

The judgment of the law commissioner is reversed, and the cause remanded ; the other judges concurring.