————o————

ROBERT GILMORE, Plaintiff in Error, *vs.* JNO. L. DAWSON, Defendant in Error.

1. *Trespas quare clausum fregit—Amendment of action, on appeal to the circuit court.—Act of* 1870—*Proceeding, criminal in nature—Suit must be in name of State.*—In an action before a justice, brought under the act of 1870 (Adj. Sess. Acts' 1870, p. 65), for unlawful entry of "plaintiff's enclosed land, in Pettis county," without more definite description, where appeal is taken to the circuit court, plaintiff may there amend by inserting in his statement a more particular description. The statement contains enough to amend by, and the amendment does not change the cause of action. But the proceeding under that act is criminal in its nature, and if not brought in the name of the State is fatally defective.

*Error to Pettis County Circuit Court.*

*F. A. Sampson, with Crandall & Sinnett,* for Plaintiff in Error, cited: Iba vs. the Hannibal and St. Joseph R. R. Co., 45 Mo. 469; Burt vs. Warne, 31 Mo. 296; Coughlin vs. Lyons, 24 Mo. 533; House vs. Duncan, 50 Mo. 453; Beattie vs. Hill, 60 Mo. 72.

*Heard Bros.,* for Defendant in Error, cited: Donohoe vs. Chappell, 4 Mo. 34; 1 Mo. 545; 31 Mo. 296; 46 Mo. 221.

SHERWOOD, Judge, delivered the opinion of the court.

This was a proceeding instituted under the provisions of the act of March 23rd, 1870. (Laws of that year, p. 65.)

The complaint was as follows: "Plaintiff states that defendant, on the fifth day of August, 1873, and at various other times, unlawfully entered the enclosed land of the plaintiff, in Pettis

county, Missouri, after being duly notified not to do so, to the damage of the plaintiff five dollars, for which he asks judgment."

The defendant was successful before the justice, and on appeal taken was successful also in the circuit court, as his motion to dismiss the case, because there was no sufficient statement of the cause of action, prevailed.

## I.

We regard such dismissal as erroneous, for the reason that the plaintiff, pending the motion, offered to amend by inserting a particular description of the land, and for the further reason that the original statement, although not perhaps sufficiently specific, does state a cause of action, does state sufficient to amend by, and'the amendment offered did not change the cause of action.

That consisted in the unlawful entry upon the enclosed land of the plaintiff, after being forbidden so to do. Our statute, with its great liberality of statement and amendment, was certainly never designed to operate more harshly than the common law. In an ordinary declaration for trespass *quare clausum fregit*, nothing was more frequent than for the plaintiff to declare for breaking his close in a certain parish, without naming or otherwise describing his close, and it was this uncertainty which gave origin to the practice of new assignment. (Steph. Plead. pp. 223, 224.)

## II.

But notwithstanding the foregoing error we cannot reverse the judgment, because the cause was conducted throughout as a *civil procedure*. The section before mentioned, specifies the act of refusing to depart on due notification by the owner, &c., of the enclosed land, as a *misdemeanor*, punishable on conviction by fine, in the sum of five dollars.

This shows very clearly that the proceedings, contemplated by that section, are of a criminal character, and therefore under the control of that constitutional provision requiring that " all prosecutions shall be conducted in the name of the State of Missouri." And this view is further borne out by that section of the statute which provides that all fines, &c., imposed in any county, shall

be paid into the treasury thereof, for the benefit of the school fund of that county.   (Wagn. Stat., § 15, p. 3501.)

The whole scope and language of the statute under discussion establishes that the legislature, in enacting it, looked alone to criminal prosecutions, and not to civil recoveries, as a means of preventing the trespasses.

Judgment affirmed.   Judge Napton absent, the other judges concur.