WATKINS v. DONNELLY *et al.*, *Executors, Appellants.*

1. **Practice in Probate Court : ADMINISTRATION.** While formal pleadings are not required in probate courts, accounts and statements presented there for allowance should be sufficiently specific to apprise those in charge of estates of the facts involved, so that they may be able to protect the interests intrusted to their care and prevent the allowance of unjust demands.

2. **Pleading : PRACTICE : ADMINISTRATION.** The following claim : "To services rendered from July, 1869, to February, 1872, $2,500," presented against an estate and allowed in the probate court, should, upon motion of the executor in the circuit court upon his appeal, be made more specific and definite.

3. **Administration : EVIDENCE.** Failure to make, keep and present an account to a person for $2,500 for services claimed to have been rendered him during two and a half years affords some evidence adverse to such claim when presented for allowance against his estate.

*Appeal from Jackson Circuit Court.*—HON. SILAS H. WOODSON, Judge.

REVERSED.

*Jas. F. Mister* for appellants.

*O. H. Dean* and *W. J. Ward* for respondent.

SHERWOOD, J.—In the probate court of Jackson county a claim was presented against the estate of which the above named executors had charge. It was as follows :

"Estate of Mary A. Troost to J. Q. Watkins, Dr.

" To services rendered from July, 1869, to February, 1872, $2,500."

This demand was allowed in the probate court to the amount of $2,000, and on appeal to the circuit court, where the cause remained some years before being tried, the demand was there allowed in the sum of $2,375, and the executors have appealed here.

I. The statute requires that the person about to ex-
hibit a claim against an estate shall serve upon the exe-
cutor or administrator a notice, in writing, stating the
nature and amount of the claim with a copy of the in-
strument, or writing, or account upon which the claim is
founded. R. S., 1879, sec. 188. While it is true that
in probate courts formal pleadings are not requisite,
still common justice and ordinary honesty require that
an account or statement of a matter, about which those
in charge of the estate probably know nothing, should,
when presented for allowance, at least, be sufficiently
specific to apprise them of the facts involved, so that
they can be prepared properly to protect the interests
confided to their care, and thus prevent unjust demands
from swallowing up the estate. It is difficult to conceive
of a statement more vague than the one presented in
this case. What the services were for, what was their
nature, whether rendered on a salary, on a contract,
general or special, or for what they were reasonably
worth, or just when the " *services* " began, or just when
they ended the paper filed does not show. Such attempts
at statements or accounts have frequently met with
rebuke at the hands of this court. *Casey v. Clark*, 2
Mo. 11 ; *Wathen v. Farr*, 8 Mo. 324 ; *Brashears v.
Strock*, 46 Mo. 221 ; *Swartz v. Nicholson*, 65 Mo. 508.

Besides all that, when the cause reached the circuit
court, where, under the statute, it was to be tried *de
novo* and the executors, as they had the right, moved for
a more specific and definite statement under the rulings in
this court (*Bush v. Diepenbrock*, 20 Mo. 568 ; *Brashears v.
Strock, supra ; Gilmore v. Dawson*, 64 Mo. 310 ; *Row-
land v. Railroad*, 73 Mo. 619) their motion was denied.
This ruling was altogether erroneous, and cannot be
permitted to stand. If, in ordinary cases, cases between
living parties, it be necessary that a substantial state-
ment of the facts constituting the ground of recovery be

set forth in order that the defendant may make necessary preparations for his defence, then *a fortiori* is such statement necessary when like recoveries are sought against *the estates of the dead*. As the demand in question was insufficient, and as the trial court refused to have the same made sufficient by amendment, the objection of the defendants to the introduction of any evidence was well taken, and should have prevailed.

II. Since there was no evidence as to a special contract between plaintiff and the testatrix that she would pay him a salary of one thousand dollars per year as her agent or business manager, the first instruction given at the instance of the plaintiff is plainly erroneous.

III. The evidence offered on the part of the plaintiff is very vague and unsatisfactory, and it is difficult, if not impossible, to tell just what services were rendered or how much they were really worth. And in this connection it is not to be forgotten that plaintiff neither made, kept nor presented an account for his "services," during the two and one-half years and more that said services are now claimed to have been rendered. The failure in this respect affords some evidence which is adverse to the claim of plaintiff. *Aull Sav. Bk. v. Aull's Adm'r*, 80 Mo. 199. As far as I am able to judge from the evidence the allowance was nothing less than exorbitant.

In order that a fair trial may be had, the judgment is reversed and the cause remanded. Judge Black not sitting, the other judges concur.