OF THE

## STATE OF MISSOURI

AT THE

### OCTOBER TERM, 1904.

*(Continued from Volume 186.)*

SONE, Collector of the Revenue of Cole County, to the use of ROAD DISTRICT NO. 11, v. WALLENDORF, Appellant.

**In Banc, February 28, 1905.**

1. **Poll Tax: Suit: Taxbill.** The statute makes no provision for the filing of a taxbill with the justice of the peace in a suit to collect a poll tax, and there being no provision for the issuance of a taxbill in the form of a back taxbill on personal property, the filing of such a bill with the justice of the peace is not a sufficient basis for a cause of action, under the general statute concerning the bringing of suits in a justice's court.

2. ——: ——: **Before Justice: Statement of Cause.** The general statute governing the bringing of suits before a justice of the peace, requires a statement of the facts constituting the cause of action, and this statement must be sufficient to advise the defendant of what he is charged, and to bar another

action. A suit for a delinquent poll tax due a road district, brought by the constable, in the name of the county collector, on a taxbill in the form of a back taxbill, in which there is inserted the word "poll," and this is contradicted by another recital in the caption that the amount of the tax claimed is for delinquent taxes upon "personal property" owned by the defendant, can not be maintained, for there is no sufficient statement of the cause of action.

Transferred from Kansas' City Court of Appeals.

REVERSED.

*W. S. Pope* for appellant.

(1) Appellant's position is that plaintiff cannot recover in this case on the instrument sued on, even though it was proper to amend it as it was amended in the justice's court, and also for plaintiff's counsel to add for the year 1902, upon the trial of the case. The law governing institution of suit will be found in section 9439, and section 3852, Revised Statutes 1899. All the evidence that was given was for the purpose of establishing the fact that Frank Wallendorf owed a road poll tax of four dollars, for the year 1902. The law governing the levy of the tax will be found at sections 9436 and 9437, on page 234, of the Laws of 1901. (2) By the statute (sec. 9439, R. S. 1899), it was the duty of the constable "to collect such tax with diligence, and when not promptly paid on demand to institute suit." No demand was ever made of the defendant. The constable says that he made no personal demand; he wrote him a letter addressd to Frank Wallendorf and Bert Wallendorf. The letter enclosed some kind of a demand for taxes but the sender cannot tell what he said. No effort was made to have the letter produced on the trial of the case. There was no proof that the defendant ever received the letter. There is no evidence as to what the letter contained, further than that he "showed up delinquent four dollars" and the constable would like to

have him come in and settle up. Proof of the contents of the letter under the circumstances was clearly inadmissible, and the attempt to prove its contents was a failure. A demand was necessary before institution of the suit. Commencement of the suit does not constitute such demand. Pope & Scott v. Hays, 1 Mo. 320. (3) Where notice is required by statute and the method is not laid down, personal service is required. Written notice must be by delivery. Wade on Notice, sec. 1334; 21 Am. & Eng. Ency. Law, 583. Sending by mail is not sufficient. Rogers v. Burr, 105 Ga. 432; Wade on Notice, sec. 1355. Where notice is required and method is not specified, personal service is understood. Wade on Notice, secs. 1334-1342; Rathburn v. Acker, 18 Barb. 393; McDurmot v. Board, 25 Barb. 635. Other authorities bearing directly upon the question of notice and demand are as follows: 25 Am. & Eng. Ency. Law, 564; Himmelman v. Hoadley, 44 Cal. 213; Himmelman v. Townsend, 49 Cal. 150; Maince v. New York, 8 N. Y. 132; Guerin v. Reese, 33 Cal. 290; Thompson v. Gardner, 10 Johns. 404; Anthony v. Greeley, 11 Minn. 321; Blackwell on Tax Titles, 171; Ireland v. Kipp, 11 Johns. 231; Smeads v. Bank, 20 Johns. 272; Bank v. Taylor, 34 N. Y. 128; Bolling v. Harrison, 6 How. 257; 1 Bouvier's Law Dic., p. 537; 1 Rapalje Law Dic., p. 369.

*Silver & Brown* for respondent.

(1) (a) The trial court did not err in admitting in evidence the poll tax delinquent list certified to by the county collector. The list was properly identified by the collector and constituted prima facie evidence of the correctness and truth of its contents. R. S. 1899, sec. 9439; State ex rel. v. Edwards, 162 Mo. 660; State ex rel. v. Bank, 144 Mo. 381; State ex rel. v. Hutchinson, 116 Mo. 399. (b) The legality of the poll tax was shown by the original poll tax book intro-

duced in evidence by plaintiff and this was both per-
missible and sufficient to authorize a recovery. State
ex rel. v. Hutchinson, 116 Mo. 399; State ex rel. v.
Bank, 144 Mo. 381; State ex rel. Edwards, 162 Mo.
660. (2) The defense that the constable made no per-
sonal written demand before filing suit is not well
taken. The letter addressed by the constable to de-
fendant at his proper postoffice, postage prepaid, was
a sufficient demand. Bless v. Jenkins, 129 Mo. 648;
State v. Gutzen, 134 Mo. 523; Bank v. Latimer, 64 Mo.
App. 321; Huntley v. Whither, 105 Mass. 391. It was
not even necessary for the demand to be in writing,
as the statute does not so specify. Colly v. Reed, 99
U. S. 560. Nor is any technical precision as to form of
demand necessary. Linn Co. v. Bank, 175 Mo. 139;
Truax v. Parvis, 7 Houston (Del.) 330. A demand
made under a statute will be sufficient, though informal.
Becknell v. Cleverly, 125 Mass. 164. Further, the word
demand, as used in section 9439, Revised Statutes 1899,
does not mean a formal technical written personal no-
tice. On the contrary, the Legislature used the term in
its ordinary every-day sense; the demand could be
either an oral or a written one. Section 4160, Revised
Statutes 1899, *inter alia,* provides that "words and
phrases shall be taken in their plain or ordinary and
usual sense." Warren v. Paving Co., 115 Mo. 577;
Randal v. Garoutte, 78 Mo. App. 614. It is used in the
same sense in which it is employed in section 3705, Re-
vised Statutes 1899, where it is provided that demand
shall be made before interest can be recovered on ac-
counts. The cases referred to in brief of opposing
counsel do not support his contention. They are cases
in other jurisdictions in which the court or other trib-
unal was required to give notice to obtain jurisdiction
over a person. In such cases the notice, being in the
nature of a substituted summons, must be a personal
one. 25 Barb. 646. The proof of the mailing of the
letter by the constable, postage prepaid, directed to de-

fendant at his proper post office raised the presumption that he received it. The point that the letter itself was not produced is not well taken in this court. The record discloses that the appellant did not properly object to the introduction of secondary evidence as to the contents of the letter, nor did he save his exceptions to the court's action in admitting same. Roe v. Bank, 167 Mo. 426. (3) The statement of plaintiff, as amended, was sufficient. Vancleave v. St. Louis, 159 Mo. 574; Finley v. Dyer, 79 Mo. App. 604; Cameron Sun v. McAnaw, 72 Mo. App. 196; Weese v. Brown, 102 Mo. 299. No objection was taken in the trial court before the verdict to the sufficiency of the statement.

FOX, J.—This is a suit brought before a justice of the peace for the recovery of a certain delinquent poll tax claimed to be due from the appellant to the plaintiff, for the use of Road District No. 11.

On the twentieth of July, 1903, the plaintiff filed with the justice a back taxbill, reproduced on the next page, as the basis or statement of his cause of action.

"A summons was issued returnable on the eighth day of August, 1903, at which time the parties to the suit appear, and the case was continued to the fifteenth day of August, 1903; on that day the following entry appears: 'Now on this fifteenth day of August, 1903, the plaintiff and defendant both appeared and the justice proceeded to hear the evidence, and after hearing all the evidence the cause was by consent of parties continued to August 17, 1903. Now on this seventeenth day of August, 1903, the plaintiff appeared in person and the defendant by his attorney, W. S. Pope, Esq., and by consent of parties the cause was again continued and set for August 18, 1903. Now on this eighteenth day of August, 1903, the plaintiff and the defendant, by his attorney, appeared, when the plaintiff asked leave to amend the taxbill filed for suit by interlineation, inserting therein, and adding thereto the words in writ-

## BACK TAX BILL—Personal Property.

STATE OF MISSOURI, }
COUNTY OF COLE. } ss.

I, S. H. Sone, Collector of the Revenue within and for the County of Cole, in the State of Missouri, do hereby certify that the following amounts of Back Taxes remain delinquent in favor of the several funds for the several years, and on the Personal Property in said County and State, owned by Frank Wallendorf and under his care, charge and management, on the first days of June, of the years for which assessments were made, to wit:

| NAME OF OWNER. | Years for which Taxes are due. | Valuation. | | State Tax. | | Co. Tax. | | Poll Tax. | | School Tax. | | Penalty. | | Com. | | Total. | | REMARKS. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | Dolls. | Cts. | Dolls. | Cts. | Dolls. | Cts. | Dolls. | Cts. | Dolls. | Cts. | Dolls. | Cts. | Dolls. | Cts. | Dolls. | Cts. | |
| Frank Wallendorf.... | | | | | | | | 4 | 00 | | | | | | | | | |
| | | | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | | | |
| Total am't taxes for yrs., & Co. Clerk's Fees. | | | | | | | | | | | | | | | | | | |

IN WITNESS WHEREOF, I have hereunto set my hand at the City of Jefferson, in said County and State, this..........day of..........189..

..............................................
Collector Cole County, Mo.

ing on the second line after the word Missouri, and before the words, "Do hereby certify," as follows: "To the use of Road District No. 11," which was granted by the justice, and the justice having duly considered all the evidence, does find for the plaintiff, in the sum of four dollars. It is therefore considered and adjudged by the justice that the plaintiff do recover of the defendant the said sum of four dollars, and also his cost in this behalf expended, taxed $3.75, and that he have execution therefor.' "

The cause was appealed to the circuit court, and by that court, on the twenty-ninth of August, 1903, the case was again tried.

The record discloses, during the progress of the trial, that plaintiff asked leave to again amend the statement by adding the year 1902; however, so far as is shown by the record, there was no announcement of the action of the court upon this request to amend at the time it was made; it does appear, however, from the finding and final judgment of the court, that the amendment was made. Such finding and judgment is as follows:

"Now this cause coming on for trial, on this twenty-ninth day of August, 1903, and both parties announcing ready for trial and consenting thereto, and a jury being waived, the court doth proceed to hear the evidence introduced by plaintiff, and pending the introduction of said evidence plaintiff doth ask leave of court to amend his statement by inserting after the figures '$4.00' the words, to-wit, 'for year 1902,' which amendment, by leave of court, was accordingly made. And the court having heard all the evidence introduced in the case, doth find the issues for the plaintiff and doth assess his damages at the sum of four dollars. Wherefore the court doth consider and adjudge that said S. H. Sone, as collector of the revenue of Cole county, Missouri, to the use of Road District No. 11 therein, have and recover of Frank Wallendorf, de-

fendant herein, the sum of four dollars, with his costs herein laid out and expended, and have execution therefor.''

The cause of action, as it existed at the time of the trial in the circuit court, was stated as appears on the taxbill, reproduced on the next page.

It is unnecessary to reproduce in detail the evidence offered by the plaintiff upon the trial; it is sufficient, for the determination of the legal propositions involved, to say that the testimony introduced tends to show that the defendant had not paid his poll tax for the year 1902. There was no evidence offered by the defendant.

At the close of the evidence, the defendant requested the court to give a peremptory instruction that plaintiff was not entitled to recover, which request was refused, and exception was duly preserved to the action of the court in that respect.

The cause being duly submitted, the court entered of record the finding and judgment as heretofore indicated, and after an unsuccessful motion for new trial, the following motion in arrest of judgment was filed:

''Now comes the defendant and moves the court to arrest the judgment herein for the reason that the record herein does not support the judgment, and for the further reason that the statement filed by the plaintiff with the justice stated no cause of action in plaintiff's favor or against defendant; nor did the said statement, after amendment in the justice's court, and in the circuit court, state any cause of action against defendant, and further because the statement as it stood at the close of the trial stated no cause of action.''

This motion was by the court overruled, and defendant prosecuted his appeal to the Kansas City Court of Appeals, and that court transferred the cause to the Supreme Court, and the cause is now before us for consideration.

Sone to use v. Wallendorf.

BACK TAX BILL.—Personal Property.

STATE OF MISSOURI, } ss.
COUNTY OF COLE.

I, S. H. Sone, Collector of the Revenue within and for the County of Cole, in the State of Missouri, to the use of Road District No. 11, do hereby certify that the following amounts of Back Taxes remain delinquent in favor of the several funds for the several years, and on the Personal Property in said County and State, owned by Frank Wallendorf, and under his care, charge and management, on the first days of June, of the years for which assessments were made, to wit:

| NAME OF OWNER. | Years for which Taxes are due. | Valuation. | | State Tax. | | Co. Tax. | | Poll Tax. | | School Tax. | | Penalty. | | Com. | | Total. | | REMARKS. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | Dolls. | Cts. | Dolls. | Cts. | Dolls. | Cts. | Dolls. | Cts. | Dolls. | Cts. | Dolls. | Cts. | Dolls. | Cts. | Dolls. | Cts. | |
| Frank Wallendorf.... | | | | | | | | 4.00 | | | | | | | | 4.00 | | for year 1902 |
| ............... | | | | | | | | | | | | | | | | | | ............... |
| ............... | | | | | | | | | | | | | | | | | | ............... |
| ............... | | | | | | | | | | | | | | | | | | ............... |
| ............... | | | | | | | | | | | | | | | | | | ............... |
| ............... | | | | | | | | | | | | | | | | | | ............... |
| ............... | | | | | | | | | | | | | | | | | | ............... |
| ............... | | | | | | | | | | | | | | | | | | ............... |
| Total am't taxes for yrs., & Co. Clerk's Fees | | | | | | | | | | | | | | | | | | ............... |

IN WITNESS WHEREOF, I have hereunto set my hand at the City of Jefferson, in said County and State, this..........day of........189...

..................................................
Collector Cole County, Mo.

OPINION.

The most vital legal proposition presented to us for consideration in this record is the one in which the sufficiency of the statement of the facts, constituting the cause of action upon which this judgment rests, is challenged.

Appellant contends that there was no statement of a cause of action, as contemplated by the statute, filed with the justice sufficient to support the judgment rendered. The statute upon which this suit is predicated, provides:

"The collector shall use due diligence in collecting poll and property road tax, the same as other county taxes are collected, and no property whatever shall be exempt from seizure and sale by the proper officer for such taxes. At his annual settlement, the collector shall cause to be made and delivered to the clerk of the board of each road district a list of the names, properly sworn to, of all persons who have not paid, and are delinquent in, their poll tax for the year preceding, and the clerk of the board, upon receipt of such list, shall deliver the same to some constable residing in or near the road district in which the persons against whom the said poll tax was assessed, reside, taking his receipt for the same, with instruction to sue on the same before some justice of the peace. Said collector's certified list shall be prima facie evidence of the correctness and truth of such statement. The said constable shall proceed to collect such tax with diligence, and when not promptly paid on demand, shall institute suits on each of said claims in the name of the collector to the use of the road district, before any justice of the peace in his township. The constable shall be entitled to such fees, as are allowed by law, and shall pay over to the collector all moneys thus collected, without delay, and take a receipt therefor." [Sec. 9439, R. S. 1899.]

It will be observed that the collector is required by this section to make out and deliver to the clerk of the board of each road district, a list of the names of all persons who have failed to pay, and are delinquent in their poll tax for the year preceding, and the clerk delivers this list to some constable residing in or near the road district, in which the persons against whom the poll tax was assessed, reside. It is then made the duty of the constable to collect the poll tax from each of these delinquents, and when the taxes are not promptly paid upon demand, he is authorized to *institute suits* for the recovery of the same.

This leads us to inquire, as to how this suit shall be instituted. The statute is absolutely silent as to the mode of procedure. It makes no provision for the filing of a taxbill or the certificate of the collector, that certain taxes are unpaid, and the taxpayers are delinquent, with the justice, as the basis of the cause of action; but simply directs and authorizes the constable to institute a suit before some justice of the peace for the recovery of the delinquent poll tax.

The obligation of the taxpayer to pay a poll tax does not rest upon contract, but is simply a contribution, provided for by law, for the benefit of the public, and is made compulsory. There is no provision in the statute for issuing taxbills for a poll tax in the form of the one presented in the record before us.

Section 3852, Revised Statutes 1899, provides:

"No formal pleadings upon the part of either plaintiff or defendant shall be required in a justice's court, but before any process shall be issued in any suit, the plaintiff shall file with the justice the instrument sued on, or a statement of the account, or of the facts constituting the cause of action upon which the suit is founded, and the defendant shall, before trial is commenced, file the instrument, account or statement of his set-off or counterclaim relied upon."

There being no authority for the issuance of tax-

bills, as is here presented, the certificate filed as the basis of the cause of action can not be treated as an instrument contemplated by the section quoted, which would make it a sufficient statement of a cause of action.

Neither is this a suit upon account within the purview of the provisions of section 3852, supra; hence to maintain this suit, which the constable is authorized to institute in the name of the collector, to the use of the road district, there must be a statement of the facts constituting the cause of action, provided in one of the subdivisions of section 3852.

The constable, in instituting this suit, seems to have selected the form of a back taxbill on personal property, and filed it with the justice, as an instrument constituting the cause of action.

Section 9439, authorizing the institution of this suit, gives no recognition to back taxbills of this character; hence we must look to what appears upon the face of the instrument to determine the sufficiency of the statement of the cause of action.

Looking to this source for a cause of action, as applicable to the proceeding to recover a poll tax, we find nothing that even approaches a statement of a cause of action contemplated by the statute.

It might be conjectured, from the instrument on file, by the use of word "poll" in one of the columns of the taxbill, that this was a suit for "poll tax," but that is not sufficient, and even this is contradicted by other parts of the instrument in which it is stated that the amount of taxes claimed is for delinquent taxes upon personal property owned by the defendant.

While section 3852 does not require any formal pleading in a justice's court, it does require a statement of the facts constituting the cause of action. This statement must be sufficient to advise the opposite party with what he is charged and to bar another action. This has been the uniform expression of this court, as

well as of the courts of appeals. [Weese v. Brown, 102 Mo. 299; Doggett v. Blanke, 70 Mo. App. 499, and cases cited; Nutter v. Houston, 32 Mo. App. 451.]

While the appellate courts in this State have been liberal in sustaining meagre statements in justices' courts, the statement in the case at bar, even with the application of the most liberal rules of construction, falls far short of meeting the requirements indicated by the numerous cases to which our attention has been called. There is an entire absence of any statement in this case, that the defendant is indebted to the collector for delinquent poll taxes.

While the suit authorized by the statute for the recovery of delinquent poll taxes is not one upon an instrument of writing or on account, we do not mean to say that a cause of action might not be properly stated in the form of an account; but it must be so stated as to clearly indicate that the defendant is delinquent in the payment of his poll tax for the year for which the recovery is sought. If we are to stop short of a total disregard of the statute, which requires a statement of the facts constituting the cause of action to be filed with the justice, then there is no escape from the conclusion that there was no cause of action filed in this case, upon which this judgment rests.

The trial court, upon the record presented in this cause, at the close of the evidence, should have either given the peremptory instruction requested by defendant, or have sustained his motion in arrest of judgment.

The conclusions reached upon this proposition render it unnecessary to express on opinion as to the sufficiency of the demand required to be made prior to the institution of this suit; it is only necessary to say that the testimony of the constable, as to the demand made, is very unsatisfactory, and it is difficult from his testimony to determine what was, in fact, said to the defendant, as to the amount of taxes demanded, or their

nature and character, in the letter claimed to have been mailed defendant.

In justice to learned counsel who represent respondent in this court, it is appropriate to state that they were not of counsel at the time of institution of this suit before the justice of the peace.

For the reasons herein expressed, the judgment in this cause should be reversed, and it is so ordered. All concur, except *Lamm, J.*, not sitting.