JOHN W. KEENE, Respondent, v. J. L. SAPPINGTON, Appellant.

Kansas City Court of Appeals, December 4, 1905.

JUSTICES' COURTS: Statement: Appeal: Amendment. Under the present statute a plaintiff may, in the appellate court, amend the statement filed with the justice so as to cover a cause of action intended to be included in the original statement.

Appeal from Boone Circuit Court.—*Hon. Alexander H. Waller,* Judge.

AFFIRMED.

*Tydings & Anderson* for appellant.

(1) Plaintiff's statement cannot be amended. Brashears v. Strock, 46 Mo. 221; Swartz v. Nicholson, 65 Mo. 508; Maxwell v. Quimby, 90 Mo. App. 469; Nutter v. Houston, 32 Mo. App. 451; Dahlgreen v. Yocum Bros., 44 Mo. App. 277; Nenno v. Railroad, 105 Mo. App. 540; Manley v. Mfg. Co., 103 Mo. App. 135; Drug Co. v. Johnson, 80 Mo. App. 428, and cases there cited; Terti v. Ins. Co., 76 Mo. App. 42; Jackson v. Fulton, 87 Mo. App. 228; Rosenburg v. Boyd, 14 Mo. App. 429; R. S. 1899, sec. 4079. (2) Amendments to supply omissions are only allowed when what was omitted can be gathered from the fact of the statement. The court cannot inquire what was the private

intention of the party. Sturges v. Botts, 24 Mo. App. 282; Gregory v. Railroad, 20 Mo. App. 448; Evans' v. Railroad, 67 Mo. App. 225; Brenman v. McMenamy, 78 Mo. App. 122; R. S. 1899, sec. 4077. (3) It will not do to say that defendant knew for what he was sued and, therefore, the statement was good enough. McCrary v. Good, 74 Mo. App. 425. (4) The statement filed with the justice was not sufficient to confer jurisdiction on the justice nor to support a judgment, and the circuit court acquired no jurisdiction on appeal. Drug Co. v. Johnson, 80 Mo. App. 428; Nenno v. Railroad, 105 Mo. App. 541.

*Webster Gordon* for respondent.

(1) The amendment of respondent's statement will have to be determined by the statute in force at the time the amendment was made and the decisions of our courts construing same and not by the statute long since repealed and decisions of our courts construing it. The law in force at the time the amendment was made, which permits such amendments to be made is found in sections 4079 and 688 of our statute, and no error was committed by the trial court in allowing the same to be done under either section. Dowdy v. Wamble, 110 Mo. 280; Schulte v. Railroad, 76 Mo. 324; Kitchen v. Railroad, 82 Mo. 686; Mitchell v. Railroad, 82 Mo. 106; Manz v. Railroad, 87 Mo. 278; Sprague v. Follett, 90 Mo. 547. (2) The case most relied on by the appellant to sustain his position in this case is Brashears v. Strock, 46 Mo. 221, which was decided by our Supreme Court at its March Term, 1870, just nine years before section 4079 was enacted and became a law. The statute then in force applying to such matters was quite different from section 4079 supra.

BROADDUS, P. J.—The plaintiff brought his suit in a justice's court on the following account:

"J. L. Sappington,                          Dr.

To John W. Keene.................. ...........205.00

Int. on same from Jan. 22, 1904, to March

    22, 1904 .......................... ...............  2.05

Total amount due ................ .......207.05"

The defendant appealed to the circuit court where plaintiff was finally allowed to amend his statement. The amended statement was as follows:

               "Columbia, Missouri,

"J. L. Sappington in account

    with John W. Keene, Dr.

To one jack .......................$205.00

Int. on same from January 22, 1904,

    to March 22, 1904 ..............    2.05

Total amount due ............ .......$207.05"

The amendment consisted in stating that the debt due was for one jack and prefixing a dollar mark to each item of the account, and the sum total. The defendant moved to strike out the amendment because the original statement filed before the justice did not state a cause of action and was therefore not the subject of amendment on appeal in the circuit court. This motion was overruled, and the defendant declining to further plead or answer, stood on his said motion. Judgment was rendered for plaintiff, and defendant appealed.

The only question before us is, Was the original statement filed before the justice sufficient to give him jurisdiction of the case? The defendant lays great stress upon the ruling in Brashears v. Strock, 46 Mo. 221. But the decision in that case was made under the statute as it then stood, which was as follows: "The same cause of action, and no other, that was tried before the justice, shall be tried before the appellate court under appeal." The court held that, although the statute did not forbid an amendment, the statement in question "was about as near no statement as could be made." But since said

decision, the statute in question has been amended. Section 4079, Revised Statutes 1899, allows any amendment to a cause of action filed before a justice embraced or intended to be included in the original account or statement so filed. The original statement here filed is somewhat defective, but there is no pretense that the amendment does not contain what was intended to be included originally. In Maxwell v. Quimby, 90 Mo. App. 469, the account which the court permitted to be amended on appeal was about as good as this one. This court held that the circuit court committed no error in permitting the amendment. [Dowdy v. Wamble, 110 Mo. 1. c. 284, and cases cited.] That the amendment was proper is clear. Affirmed. All concur.