A. J. WARNER, Respondent, v. F. D. CLOSE, Appellant.

Kansas City Court of Appeals, July 2, and October 1, 1906.

1. **JUSTICES' COURTS**: Statement: Amendment: Statute. An original statement before a justice of the peace and an amendment thereof are each held to state a cause of action, though indefinitely and somewhat insufficiently, and are therefore capable of amendment, since the statute allows almost any kind of an amendment.

2. **TRIAL PRACTICE**: Motion to Dismiss: Trial: Waiver. A motion to dismiss because of defects in the statement was made by the defendant, who thereafter went to trial without calling up the motion. *Held*, the defects in the statement were waived.

3. ———: Trial Before Court: Argument: Right of: Presumption. The right of argument when the question is submitted to the court is not an absolute right and does not exist unless the matter is fairly debatable, and the court can dispense with the same where it is not necessary; and where the court acts without argument the presumption is there was no necessity therefor and that the court came to a just conclusion.

4. **APPELLATE PRACTICE**: Trial Before Court: Evidence. Where the court, sitting as a jury, passes upon the weight of the testimony and the credibility of the witnesses, and there is evidence to support its finding, the appellate court is not authorized to interfere.

Appeal from Jasper Circuit Court.—*Hon. Hugh Dabbs, Judge.*

AFFIRMED.

*Horace Merritt* for appellant.

(1)  Appellant insists that the court erred in failing to sustain his motion to dismiss plaintiff's suit for the reason that no statement or petition or pleading on which to base a cause of action was filed by the plaintiff. Brashears v. Strock, 46 Mo. 221; Metter v. Houston, 32 Mo. App. 451; Weese v. Brown, 28 Mo. App. 251; Butts v. Phelps, 79 Mo. App. 303; Swartz v. Nicholson, 65 Mo. 508; Rosenburg v. Boyd, 14 Mo. App. 429; Nenno v. Railroad, 105 Mo. App. 1. c. 551; White v. Railroad, 72 Mo. App. 400; Bank v. Doah, 75 Mo. App. 332.

*John C. Trigg* for respondent.

(1) The original account filed by plaintiff, in the nature of an account stated, was sufficient. The justice had jurisdiction of the subject-matter and the account so filed before the justice was amendable. Maxwell v. Quimby, 90 Mo. App. 469. (2)  The amended account filed before the justice was sufficient. It showed what cause of action was intended and clearly advised the defendant of the nature of plaintiff's claim. Herman v. Fanning, 33 Mo. App. 50; Evans v. Railroad, 67 Mo. App. 257; Finley v. Dyer. 79 Mo. App. 604. (3)  But if defective and insufficient the defendant by filing his counterclaim, and going to trial on the merits, waived any error there might have been in allowing the amendment. Carter v. Baldwin, 107 Mo. App. 217. Even if the amendment changed the cause of action.    Cartlemas v. Cartlemas, 184 Mo. 432.

BROADDUS, P. J.—This suit originated in a justice's court where the plaintiff filed the following account: "July 7, 1904, F. D. Close, Carl Junction, Mo., to A. J. Warner, Dr.: Jan. 1, 1904.   To balance due on settlement $170.75; Int. $5.20—$175.95." The defendant

filed a motion to dismiss plaintiff's suit because his statement was not sufficient as a basis for a cause of action, which the court overruled. But before trial plaintiff filed an amended statement as follows:

"Fred D. Close to A. J. Warner to agreed balance on settlement July 21, 1902, $10.45.

"To labor, repair work, and services as salesman from July 21, 1902, to Dec. 31, 1903, less 9 weeks and 3 days, at $12 per week, $782; credit by amount paid $679.82; balance due $102.18."

The defendant filed a counterclaim. The case was submitted to the court without the intervention of a jury and judgment was rendered for plaintiff in the sum of $102.18. The defendant appealed to the circuit court, where on trial anew the plaintiff obtained judgment for $64.26, from which defendant appealed to this court.

The defendant contends that neither the original nor the amended account states a cause of action. We are cited to the case of Watkins v. Donnelly, 88 Mo. 322, which was on an account filed against an administrator, where the charge was for services without specifying the kind of services. The court held that the statement was insufficient and reversed and remanded the cause, so that it might be made more specific. Numerous other cases are cited of a similar character, among which is that of Brashears v. Strock, 46 Mo. 221, alluded to in an opinion of this court in the case of Keene v. Sappington, 90 S. W. 752, 115 Mo. App. 33. In Nenno v. Railroad, 105 Mo. App. 540, there was no cause of action of any kind stated against the defendant sought to be charged. The original statement is for so much due on settlement. None of the authorities, we have seen, go so far as to hold that a statement of the kind wholly fails to state a cause of action. They only go to the extent of holding such to be insufficient. The amendment is somewhat more specific, but at the same time indefinite. Yet it states a cause of action.

When the case got to the circuit court, the defendant filed a motion to dismiss because plaintiff had filed no paper of any kind on which to base a cause of action. The motion was never passed on and no reason given why it was not. But as defendant went to trial without calling the attention of the court to his motion and having it acted on, he waived the defects in plaintiff's statement. He should have proceeded in the manner pointed out in Watkins v. Donnelly, supra, and had his motion passed upon by the court. Section 4079, Revised Statutes 1899, allows any amendment to a cause of action filed before a justice, embraced or intended to be included in the original account or statement so filed. [Keene v. Sappington, supra.] Practically speaking, the statute allows almost any kind of amendment.' [Dowdy v. Wamble, 110 Mo. 280.] It appears that defendant did not believe that the statement was wholly bad, for at the very beginning of the trial he admitted that he owed plaintiff a balance of $10.45.

The defendant's second point is, that the court, after taking the case under advisement, entered a judgment for the plaintiff in his absence without hearing his argument. It appears that defendant's attorney was absent from the courtroom, talking to some one over the telephone, when the court announced its decision. He makes affidavit that when the trial was closed and the court took the case under advisement the judge announced that he would hear counsel for both sides on the next day or at some other convenient time. It is held that "Where a controverted question of fact is to be submitted to a jury for its determination, either party has an absolute right to be heard by his counsel in argument thereon to the jury." [Douglass, Sheriff, v. Hill, 29 Kan. 527.] In vol. 1, p. 703, sec. 920, Thompson on Trials, the law is stated thus: "The right to appear and defend is undoubtedly an absolute right, existing in all cases, civil and criminal, of which no court possesses

the power to deprive a party. But the right to be heard in argument in a particular case, is plainly not a right of this absolute nature. It does not exist at all unless there is something to argue about that is fairly debatable. Clearly, it is within the power of the court, in a civil case, to dispense with this aid or help, where it is not necessary." The law is well stated by Mr. Thompson, except we might add that, where a court decides a civil suit submitted to him on the law and evidence, where he acts without hearing the arguments of counsel, the presumption will arise that no such argument was necessary to aid the court to come to a just conclusion.

The defendant also discusses the merits of the case, but as the court sitting as a jury has passed upon the weight of the testimony and the credibility of the witnesses, and as there is evidence to support the finding, we are not authorized to go behind it. Affirmed. All concur.