BART S. ADAMS TIRE COMPANY, a corporation, Appellant, v. H. A. FULLER and CATHERINE BONTIES FULLER, Respondents.

St. Louis Court of Appeals. Opinion Filed April 6, 1920.

JUSTICES OF THE PEACE: Judgments: Collateral Attack: Executions: Statement of Account Sufficient to Give Justice Jurisdiction. A statement of account filed, together with credit memoranda, *held* a sufficient statement to give the justice jurisdiction of the subject-matter under section 7412, Revised Statutes 1909, which provides that no formal pleadings shall be required in the justice court, but requires the plaintiff to "file with the justice the statements sued on, or a statement of the account, or of the facts constituting the cause of action upon which the suit is founded," and while the statement would be insufficient in a direct attack, yet the judgment could not be attacked collaterally by motion to quash an execution issued upon such judgment.

Appeal from the Circuit Court of St. Louis County.— *Hon. John W. McElhinney,* Judge.

REVERSED.

*N. Murry Edwards* for appellant.

(1) Justices of the peace are very generally given jurisdiction of action on accounts. Stephenson et al v. Porter, 45 Mo. 358; Musick v. Chamlin, 22 Mo. 175;

Buckner v. Armour, 1 Mo. 534; Floyd v. Wiley, 1 Mo. 430.
(2) The amount claimed, or in controversy, in an action
before a justice of the peace, is the test by which his
jurisdiction is to be determined. Joyce v. Moore, 10
Mo. 271; Shanklin ex rel. v. Francis, 67 Mo. App. 457.
(3) The balance claimed, after deducting credits allowed
by the plaintiff, determines whether a justice has juris-
diction. Musick v. Chamlin, 22 Mo. 175; Colvin v. Suther-
land et al., 32 Mo. App. 77; Stephenson v. Porter, 45
Mo. 358; Brinkley v. Barinds, 7 Ark. 165; Newlond v.
Nees, 3 Black 460; Cockran v. Glove, Morris 151. (4)
Interest is not to be taken into account in determining
the question of jurisdiction before a justice of the peace.
James et al. v. Crown Cereal Co., 90 Mo. App. 227;
Barnes v. Railway. 119 Mo. App. 303; Sherrill v. Wilson,
29 Ark. 384; Bradley v. Kent, 22 Cal. 169; Jackson v.
Whitfield, 51 Miss. 202. (5) Jurisdiction is determined
from the entire record in the case. Sappington v. Lenz, 53
Mo. App. 44; Trimble v. Elkin, 88 Mo. App. 229, 234;
Smith v. Rock Co.. 132 Mo. App. 297. (6) A party may
give justice jurisdiction by a voluntary renunciation of
part of his demand. Denny v. Eckelkamp, 30 Mo. 140;
Robbins v. Conley. 47 Mo. App. 502. Where an amount
claimed in the petition is within the jurisdiction, and the
amount demanded by the summons or notice of suit is in
excess, the justice has jurisdiction. Moran v. Murphy
et al., 49 Iowa, 68. (7) On a motion to quash an execu-
tion, errors and irregularities in the rendition of the
judgment cannot be inquired into. Brackett v. Brackett,
53 Mo. 265; Gregory v. Gregory, 10 Mo. App. 589; John-
son v. Greve, 60 Mo. App. 170. (8) Where an execution
issues from the circuit court on a transcript of a judg-
ment by a justice of the peace, it will not be quashed for
informalities before the justice, where the defendant had
appeared and submitted to the judgment. Grissom v.
Allen, 10 Mo. 303. (9) Irregularities of procedure oc-
curring prior to judgment will not support a motion to
quash an execution. Harbert v. Durden, 92 S. W. 746, 116
Mo. App. 512; Merrick v. Merrick, 5 Mo. App. 123;

Ewing v. Donnelly et al., 20 Mo. App. 6. (10) The fact that a petition does not state a cause of action, does not deprive the court of jurisdiction so as to render a judgment for plaintiff void, and execution issued thereunder subject to being quashed on motion. Horstmeyer v. Connors et al., 51 Mo. App. 394. (11) Where the justice has jurisdiction of the subject-matter, a general appearance by the parties without objection, is a waiver of defects and irregularities in the proceedings. Hedrickson v. Trenton Nat. Bk., 81 Mo. App. 332; Building, etc., v. Huber, 42 Mo. App. 432; State v. Boettger, 39 Mo. App. 684; Voigt v. Avery, 14 Mo. App. 48; Leith v. Shingleton, 42 Mo. App. 449. (12) Defects and irregularities in the pleading of either party are cured by verdict or judgment. Young v. Prentice, 105 Mo. App. 563; Emerson v. Lakin, 23 Me. 384; Taylor v. Porker, 17 Minn. 469. (13) After judgment of affirmance by default defendant cannot object to the sufficiency of plaintiff's statement before the justice. Horn et al. v. Excelsior Springs Co., 52 Mo. App. 548; Guarantee Int. F. Co. v. St. L. Am. League Baseball Co., 133 S. W. 849, 152 Mo. App. 601. (14) Where the evidence is insufficient to support the verdict, a new trial is properly granted. Lawson v. Mills, 130 Mo. 170, 31 S. W. 1051. (15) Where defendant's testimony admits all material facts of plaintiff's cause of action, and contradicts none, a judgment for defendant is erroneous. Kingsbury et al. v. Joseph, 94 Mo. App. 298. (16) Where the verdict is against the preponderance of the evidence it is the court's duty to set it aside. Barnett v. Metropolitan St. Ry. Co., 120 S. W. 130, 138 Mo. App. 192.

*Floyd W. Brooks* and *George Barnett* for respondent.

The court properly sustained respondent's motion to quash the execution for the reason that the said execution issued upon a void judgment. (a) It is necessary for the plaintiff to file a statement of the facts constituting a cause of action with the justice in order to confer upon

the justice jurisdiction over the subject-matter. It must be a sufficiently definite statement of the facts to fairly advise the defendant of the nature of the claim he is called upon to meet, and must be sufficiently definite to constitute a complete bar to another action. The statement filed in this case with the justice is totally insufficient for either purpose. It is a mere collocation of words, and the justice having no jurisdiction to render a judgment the judgment was void. Sec. 7412, R. S. 1909; Sone to the use v. Wallendorf, 187 Mo. 1, 13; Nutter v. Houston, 32 Mo. App. 451; Brashears v. Strock, 46 Mo. 221. (b) The judgment was void for the reason that it was supported by no pleading. A judgment which has no pleading to rest upon it is void. Charles v. White, 214 Mo. 187, 206-208; Hope v. Blair, 105 Mo. 85, 93.

NIPPER, C.—This is an appeal from a judgment sustaining a motion to quash an execution issued on the transcript of a judgment from a justice court.

Appellant brought suit on an account in a justice of the peace court in St. Louis County, by filing with the justice, a statement, or purported statement, of an account, together with two credit memoranda. The statement was filed and summons issued returnable on the third day of January, 1916. Defendants were served personally.

On the above named date, a default judgment was rendered against defendants. Later, and during the month of January, aforesaid, defendants filed a motion to set aside the judgment, which motion was sustained by the justice, and the case set for hearing on the 27th day of the same month. On the 27th of January the case was continued, by consent of all parties, to February 5th following. On that day it was again continued to February 9th, and finally continued and set for April 13, 1916, by consent of all parties. On that date plaintiff was given a second default judgment for $272.69 and interest and costs. A transcript was eventually filed in

Adams Tire Co. v. Fuller.

the circuit court of St. Louis County, and an execution issued.

Defendants then filed motion to quash said execution, upon the ground that the judgment was void and of no effect, because the justice of the peace who rendered the judgment, had no jurisdiction over the subject-matter of the cause. This motion was sustained by the trial court, and from this action sustaining the motion, plaintiff perfects its appeal.

Respondents' chief contention, and in fact, only contention here, is that the purported statement of account was a mere collocation of words and figures, and was wholly insufficient upon which to base any judgment or give the justice any jurisdiction. We here set out copy of the statement filed as well as the credit memoranda. . .

### EXHIBIT "A."

(FW)

MONTHLY STATEMENT

BART S. ADAMS TIRE CO. a corp. TIRE AND ACCESSORIES.

Phones: Bell, Lindell 2751-2752        3408 Lindell Ave.
        Kinloch, Central 2771

St. Louis, Mo., Dec. 1, 1915. 191—

H. A. Fuller
Mrs. Catherine Bonties Fuller

| | | |
|---|---|---|
| Total charges Statement rendered | | 346.10 |
| May 22 Cash | 56.65 | |
| Dec. 22 Cr. M. 7070 | 11.17 | |
| 22 Cr. M. 7071 | 5.59 | 73.41 |
| | | 272.69 |

with interest and costs

For comparison. If incorrect, please notify promptly. Positively no claims considered unless made by the 10th of month following date of purchase.

### EXHIBIT "E"

(FW)

Forest 4053                              Delmar 4563

Credit Memo.

Bart S. Adams Tire Co.,        No. 7070
4701 Washington Boulevard,
St. Louis, Mo.

Dec. 22nd, 1913

Mr. H. A. Fuller,
Syndicate Trust Bldg.,
St. Louis, Mo.

We credit your account as follows:

1 - 35 x 4½ Q. D. Non Skid Casing No. A-4509-$44.68
Less 3000 miles                                33.51
                                              $11.17

EXHIBIT "F"

(FW)
Forest 4053                              Delmar 4563

Credit Memo.

Bart S. Adams Tire Co.,        No. 7071
4701 Washington Boulevard,
St. Louis, Mo.

Dec. 22, 1913.

Mr. H. A. Fuller,
Syndicate Trust Bldg.,
St. Louis, Mo.

We credit your account as follows:

1 - 35 x 4½ Q. D. Non Skid Casing No. A-4653    $44.68
Less 3500 miles                                 39.09
                                               $ 5.59

Section 7412, Revised Statutes 1909, provides, that no formal pleadings shall be required in the justice court, but requires the plaintiff to "file with the justice the instrument sued on, or a statement of the account, or of the facts constituting the cause of action upon which the suit is founded."

Respondents rely upon Sone, etc., v. Wallendorf, 187 Mo. 1, 85 S. W. 592, and Brashears v. Strock et al., 46 Mo. 221, as authority for their contention that the judgment of the justice was an absolute nullity.

The principal question with which we are concerned is: Does the statement filed, as a statement of account, constitute such a statement as to give the justice jurisdiction? If so, then respondents' contention would fall to the ground, because if the statement filed is such a statement, even though insufficient, then the judgment of the justice could not be attacked collaterally.

Sone, etc., v. Wallendorf, supra, 187 Mo. 1, was a suit on a tax bill for poll-tax, and the tax bill was filed not as a "statement of the account," but was filed as a statement of the facts constituting the cause of action, and it was held there that no cause of action was stated.

We think the statement filed, together with the memoranda, was a sufficient statement to give the justice jurisdiction of the subject-matter. It was evidently a suit on account to recover $272.69, although no items are set out or dates mentioned, and while such a statement would be insufficient in a direct attack in this case, yet the judgment could not be attacked collaterally if it was sufficient to confer jurisdiction of the subject-matter.

Jurisdiction has been held to mean jurisdiction of causes of the general class to which that action belonged. [Dowdy v. Wamble, 110 Mo. 280, l. c. 284, 19 S. W. 489.]

Justices of the peace of St. Louis County would have jurisdiction in amounts not exceeding $300 exclusive of interest and costs. Therefore we think the statement was sufficient to confer jurisdiction. [Keene v. Sappington, 115 Mo. App. 33, 90 S. W. 752.]

In Leonard v. Sparks, 117 Mo. 103, l. c. 110, 22 S. W. 899, the Supreme Court of this State, in considering the question of jurisdiction of inferior courts, had this to say:

"Where the facts touching the acquisition of jurisdiction are fully disclosed, the principles of law governing liability to collateral attack are applied no less favorably to judgments of justices of the peace than to the adjudications of courts having more extensive power."

This doctrine was cited with approval in Givens v. Burton, — Mo. —, 183 S. W. 617.

204 M. A.—2

On the question of collateral attack in a court of general jurisdiction, the rule is stated by BOND, C. J., in his concurring opinion in which a majority of the court concurred, in Cole v. Parker-Washington Company, 276 Mo. 220, l. c. 272, 207 S. W. 749, wherein it is said:

"That the judgment of a court of general jurisdiction, having the parties to the controversy before it and having power to determine the class of cases for which relief is prayed, is not void because of the failure of the petition to state a cause of action, and is not, for that reason, open to a collateral attack, is a proposition established in this State, and sustained by the overwhelming weight of authority elsewhere. The failure to state any cause of action is a nonwaivable defect upon review of a judgment by appeal or error or in a direct attack made upon it. But it does not deprive the court of its jurisdiction of the class of cases to which the suit in question belongs, and it does not render its judgment open to any form of collateral attack thereon."

Therefore we think the learned trial court erred in sustaining the motion to quash the execution.

The Commissioner recommends that the order and judgment of the trial court, in quashing the execution, be reversed.

PER CURIAM:—The foregoing opinion of NIPPER, C., is adopted as the opinion of the court. The judgment of the circuit court is accordingly reversed.

*Reynolds, P. J., Allen* and *Becker, JJ.,* concur